EDITH STAFFORD, Respondent, *v.* SIBLEY, LINDSAY & CURR CO., Defendant-Appellant and Third-Party Plaintiff-Appellant. OTIS ELEVATOR COMPANY, Third-Party Defendant-Respondent.

Fourth Department, July 9, 1952.

*Frederick T. Pierson* and *Albert H. Sweet* for defendant-appellant and third-party plaintiff-appellant.

*Arthur VD. Chamberlain* for plaintiff-respondent.

*W. Clyde O'Brien* for third-party defendant-respondent.

WHEELER, J. Plaintiff was injured as the result of a fall which occurred on the " up " escalator between the second and third floors in the department store of the defendant, Sibley, Lindsay & Curr Co. (hereinafter referred to as " Sibley "). On the trial a jury rendered a verdict, awarding her substantial damages against that defendant.

Plaintiff's claim is predicated on the alleged negligence of Sibley in causing the escalator to stop suddenly and with such violence as to throw her off her feet and cause her to fall to the steps, and also in failing to have the escalator properly

attended. The defendant Sibley has impleaded the defendant Otis Elevator Company (hereinafter referred to as " Otis ") as a third-party defendant, as authorized by section 193-a of the Civil Practice Act, alleging, in substance, a maintenance agreement and stating that any sudden or improper stop of the escalator was caused by Otis and not by Sibley.

The plaintiff herself was the only witness sworn in her behalf (other than medical). From her testimony it appears that her companion, Mrs. Wilder, an elderly lady who was standing on the escalator several steps above her, suddenly became emotionally upset and started " screaming "; that the escalator stopped suddenly and with a jerk, causing plaintiff to lose her hold on the handrail, to fall backward and to slide down the steps, together with Mrs. Wilder and a third lady who was behind her. This, in substance, constituted plaintiff's entire case as far as the accident is concerned.

The defendant Sibley maintains that there was no violent jerk or sudden stop of the escalator and that plaintiff's fall was not caused by any action or movement of the escalator but, on the contrary, asserts that Mrs. Wilder, for some unknown reason, " passed out " and fell backwards, striking the plaintiff causing her, as well as the third woman immediately below her, to fall; that then some unidentified employee of Sibley, seeing their predicament, pushed the stop button, which brought the escalator to an immediate but normal stop.

The defendant produced five witnesses, who testified that they were present and actually saw what occurred. One of the witnesses, Mae E. Onderdonk, the lady standing immediately below the plaintiff on the escalator, was wholly disinterested. She testified that the lady immediately above her fell and " hit me and went down and then I went down  *  *  *  I hollered "; that the escalator was still moving and was not stopped until after all the women had fallen. All of these witnesses testified that they heard a commotion and the screaming; that they saw all three of the women fall to the steps of the escalator, and that the escalator was brought to an ordinary stop after they had fallen. Two of the witnesses, employees of Sibley, testified that they reached the women who were lying on the steps of the escalator and attempted to assist them and to prevent the hair of one of them from being caught in the moving escalator. The defendant also produced Mrs. Wilder as a witness but her testimony is very vague as she did not remember what happened. She stated, " I went up a little ways, halfways — I don't know — and I fell. I passed out."

There was other evidence by two employees of Otis, who were stationed at the store, to the effect that the escalators were checked and that they were working in a normal manner on the day of the accident and in the evening following the accident. Defendant also introduced the evidence of an expert in the employ of Otis to describe the manner in which the escalators were stopped. From his testimony it appears that in the up escalator there is no braking motion save the friction generated in itself; '' When you push the button the motor stops, then it has its own friction on the wheels — the motor has friction and it all tends to slow the escalator down.'' He also described a safety brake designed to '' stop the escalator that was going up from coming down.''

In view of plaintiff's testimony that the escalator stopped suddenly and with a jerk, we are of the opinion that the case was properly submitted to the jury under the *res ipsa loquitur* doctrine. (*Griffen* v. *Manice,* 166 N. Y. 188; *George Foltis, Inc.,* v. *City of New York,* 287 N. Y. 108.) Nevertheless, we believe that the finding, implicit in the jury's verdict, that plaintiff's fall was caused by the sudden stopping of the escalator was clearly against the weight of the evidence.

*Res ipsa loquitur* is an evidentiary rule which merely permits an inference of negligence and satisfies the plaintiff's duty of producing evidence sufficient to go to the jury, but '' does not create a full presumption and is ordinarily not sufficient, even when the defendant produces no evidence in contradiction or rebuttal, to entitle the plaintiff to the direction of a verdict.'' (*George Foltis, Inc.,* v. *City of New York, supra,* p. 120.) It, therefore, follows that it is entirely proper for the court, as in any other submission of a question of fact, to determine whether the findings of the jury are against the weight of the evidence.

We now turn to the consideration of the questions involving the dismissal of the third-party complaint. Defendant Sibley has appealed, asserting that such disposition was error. The maintenance agreement between Sibley and Otis provides in part that Otis '' will use all reasonable care to maintain the escalators in proper operating condition '' and also '' we (Otis) assume no liability for injuries or damage to persons or property except those directly due to our acts or omissions ''. Thus it appears that the duty of Otis was to use reasonable care in servicing and maintaining the escalators; therefore, no liability would arise without affirmative proof of a violation of this duty. No such proof was offered.

The problem, as posed by Sibley as third-party plaintiff, relates to the availability of the doctrine of *res ipsa loquitur* as between a defendant who may be held passively negligent and a third-party defendant who is actually negligent. In other words, the assertion that Sibley's right to recover over against Otis is apparently based on the claim that the *res ipsa loquitur* rule, which was used by the plaintiff against it, should likewise be available to it against Otis, the third-party defendant. As a practical matter, this argument is attractive and would seem to have merit, but from a legal point of view we believe it to be fallacious.

The third-party impleader, as authorized by section 193-a of the Civil Practice Act, is merely a procedural device and was not intended to change the substantive law involved or alter any rule for establishing liability in any instance (Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 195). Obviously, the third-party action is not the same cause of action set forth in the original complaint, as it involves the breach of an alleged independent duty owed to the third-party plaintiff by the third-party defendant. (*Westchester Lighting Co.* v. *Westchester County Small Estates Corp.*, 278 N. Y. 175, 179.) The third-party plaintiff must, therefore, prove his cause of action independently of plaintiff's cause of action. It should be noted also that the sufficiency of the third-party complaint as a pleading or the right to implead Otis is not being challenged. Our problem relates only to the character of the proof.

In this instance there was a complete failure on the part of Sibley to prove any actionable negligence on the part of Otis. On the contrary, Sibley, by its bill of particulars and its testimony, has denied that there was any defect in the escalator or that it was improperly maintained; in fact, it affirmatively claimed to the contrary.

The *res ipsa loquitur* rule is not available to Sibley, the owner and possessor of the escalator, in its third-party action. This rule is applicable only in those cases where the instrumentality which produced an injury is within the exclusive possession and control of the person charged with negligence. (*Slater* v. *Barnes*, 241 N. Y. 284; *Galbraith* v. *Busch*, 267 N. Y. 230, 234; *George Foltis, Inc.*, v. *City of New York, supra*; *Griffen* v. *Manice, supra*.) Under the contract Otis was not given exclusive possession or control of the escalator but was merely burdened with the duty of maintenance. The reason for the application of the rule in the plaintiff's case against Sibley did not exist as between Sibley and Otis in the third-party action.

We have not overlooked the cited case of *Beinhocker* v. *Barnes Development Corp.* (296 N. Y. 925). That case, we believe, is distinguishable. While the case was submitted as against the codefendants, the owner of the building and the Staley Elevator Company, on the *res ipsa loquitur* rule and a recovery over against the elevator company was allowed, it appears that the interlocking safety device on the elevator door which failed to function was owned by the Staley Company and, although loaned by it to the owner of the building, remained under its exclusive maintenance and control.

We conclude that the third-party complaint was properly dismissed and the judgment entered thereon should be affirmed. The judgment in favor of plaintiff and against the defendant Sibley should be reversed and a new trial ordered.

All concur, except PIPER, J., who dissents as to the reversal of the order and of the judgment in favor of plaintiff and votes for affirmance. Present — TAYLOR, P. J., McCURN, VAUGHAN, PIPER and WHEELER, JJ.

Judgment in favor of plaintiff, Edith Stafford, and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event; judgment in favor of third-party defendant, Otis Elevator Company, affirmed, without costs.