Edward Gr. Baker, J.
Plaintiffs Brooklyn Yarn Dye Co., Inc., Joseph Aronauer, Inc., and Grallo Wine Distributors, Inc. (hereinafter referred to, respectively, as Brooklyn Yarn, Aronauer, and Grallo) bring this action against the defendants Joseph Krauss, Du-All Maintenance Corp., and Arc Boiler and Welding Co., Inc. (hereinafter referred to, respectively, as Krauss, Du-All, and Arc), to recover damages allegedly sustained by them as a result of a fire which occurred on or about March 9, 1954 in a building owned by Brooklyn Yarn and in which Aronauer and Grallo were tenants. Plaintiffs claim that the fire and the resulting damage occurred solely by reason of defendants ’ negligence.
Brooklyn Yarn was the owner of a building in the basement of which were located certain boilers, a water softening system and their appurtenances. On March 1,1954, Brooklyn Yarn, by written contract bearing said date, sold the boilers etc. to Krauss who agreed to remove them at his own cost and expense within a specified period. Du-All by written contract with Krauss agreed to perform the work of dismantling. Du-All, in turn, orally retained Arc for that purpose.
Arc proceeded with the dismantling operations working with and under the direction of the employees of Du-ALl. In the course of the work, an acetylene torch was employed to burn or cut certain large pipes at a place or places in close proximity to the metal ceiling of the basement room. Between this ceiling and the floor above were wooden floor beams which rested upon steel “ I ” beams. In the areas between the floor beams was hair-felt insulation, a combustible material, some of which rested upon the metal ceiling below.
It is reasonable to conclude and this court finds, upon the basis of the proof, that the intense heat of the torch used in the burning operation was transmitted through the metal ceiling *729 to the hair-felt insulation which smoldered for a time and finally hurst into flame. The proximate cause of the fire was the negligence of Arc, which did the work, and of Du-All, which supervised and directed it, in failing to foresee or apprehend the danger in the use of an acetylene torch, which emitted a flame of 2,000 degress of heat, in close proximity to the metal ceiling.
Implicit in the contract between Brooklyn Tarn and Krauss was the provision that the work of dismantling and removal be performed in a reasonably careful and prudent manner (Harrington v. 615 West Corp., 1 A D 2d 435, 438, mod. on other grounds 2 N Y 2d 476). The obligation thus assumed by him could not be avoided by delegation to another (Hewlett Arcade v. Five Towns Refr. Corp., 3 A D 2d 728 and the cases there cited). Krauss, then, along with Du-All and Arc, must answer to Brooklyn Yarn for the damages sustained by it as a result of the negligent performance of the work; and he, in turn, may recover over against his codefendants whose active negligence was the proximate cause of the damage (Oceanic Steam Nav. Co. v. Compania Transatlantica Espanola, 134 N. Y. 461; McFall v. Compagnie Maritime Belge, 304 N. Y. 314).
As between the plaintiffs Aronauer and Gallo, who were tenants in the building, and defendant Krauss, there was no privity of contract. As to him, their complaint must be dismissed unless it can be said, upon this record, that there was danger inherent in the work to be performed under the contract (May v. 11½ East 49th St. Co., 269 App. Div. 180; Lockowitz v. Melnyk, 1 A D 2d 138). The evidence establishes that the work contemplated by this contract did not involve inherent danger. Whatever danger there was had its origin in the negligent performance of the work by Du-All and Arc. They are liable to the plaintiff tenants for the damages sustained by the latter. There is no such liability on the part of Krauss.
Accordingly, judgment is directed as follows: In favor of plaintiff, Brooklyn Yarn, against defendants, Krauss, Du-All and Arc in the sum of $6,722.90; and in favor of defendant Krauss against his codefendants, Du-All and Are, in the same amounts; in favor of plaintiff Aronauer against defendants, Du-All and Arc, in the sum of $4,749.50; in favor of plaintiff Gallo against defendants, Du-All and Arc, in the sum of $4,963.50; in favor of defendant Krauss against the plaintiffs, Aronauer and Gallo, dismissing their complaint as against him.
The above constitutes the court’s decision in accordance with section 440 of the Civil Practice Act.
Judgment accordingly.