■ SMALL BUSINESS CAPITAL CORPORATION, Respondent, v. WINSTON M. DE FREITAS, Appellant, et al., Defendants.— In an action to foreclose a second mortgage on real property, the defendant Winston M. De Freitas appeals from: (1) a judgment of foreclosure and sale of the Supreme Court, Suffolk County, entered January 7, 1965; (2) an order of said court, entered October 5, 1964, which granted plaintiff's motion for summary judgment; (3) an order of said court, entered February 8, 1965 upon reargument, which adhered to the court's original decision; and (4) a resettled judgment of foreclosure and sale, entered March 19, 1965. Appeals from original judgment of foreclosure and sale and from order entered October 5, 1964 dismissed as academic, without costs. Said judgment and order were superseded by the later, resettled judgment and order granting reargument. Resettled judgment and order entered February 8, 1965 . upon reargument affirmed, with one bill of $10 costs and disbursements. No opinion. Christ, Acting P. J., Hill, Rabin and Hopkins, JJ., concur; Benjamin, J., dissents and votes to reverse and to deny the motion for summary judgment, with the following memorandum: In my opinion, this record presents complicated fact issues as to possible overreaching and usury concealed behind an ostensibly lawful individual guarantee of a corporate obligation. Also present is an equally complicated fact issue as to whether the primary collateral security for the corporate obligation (namely, two chattel mortgages) had been so marshaled and used by plaintiff as to effect such proper and equitable reduction, or perhaps even elimination, of the obligation as defendant was entitled. Those issues should not be disposed of summarily on affidavits, but instead should be thoroughly aired and explored at a plenary trial.

■ DAVID STONE, Plaintiff, v. ALBERT GINSBERG et al., Appellants, and KNUDSON ELEVATOR SERVICE CO., INC., Respondent.— In a negligence action, in which the defendants Albert Ginsberg and Irving R. Raber Co., Inc., asserted separate cross claims against the defendant Knudson Elevator Service Co., Inc. (former Civ. Prac. Act, § 264) and in which, during the trial, the plaintiff settled and discontinued his action as against said defendants Ginsberg and the Raber corporation and discontinued his action as against the defendant Knudson corporation, the said cross claimants appeal from an order of the Supreme Court, Kings County, entered March 18, 1965, which denied their subsequent motion at Special Term to restore their cross claims to the Trial Term, Part I, Calendar for trial, without prejudice to the rights of the parties, if so advised, to commence a plenary action. Order reversed, with one bill of $10 costs and disbursements; cross claims severed; and motion granted on condition that within 30 days after entry of the order hereon, appellants serve an amended pleading which shall reflect the factually changed nature of their cross claims against respondent in view of their mid trial settlement with plaintiff, with leave to the respondent, within 30 days thereafter, if it be so advised, to answer or move with respect thereto. (See *Dunn* v. *Uvalde Asphalt Paving Co.,* 175 N. Y. 214; *Venneri Co.* v. *Central Heating Co.,* 40 Misc 2d 125.) Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.