■ FIELDS APPAREL INC., Respondent, v NATIONAL SHOES, INC., Appellant, and CITIES SERVICE OIL COMPANY et al., Respondents, et al., Defendant. —In an action, *inter alia,* to recover damages for negligence and trespass, defendant National Shoes, Inc., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County, entered August 27, 1974, as, after separate jury trials on the issues of liability and damages, (1) is in favor of plaintiff and against it and (2) failed to award it judgment on its cross claims against defendants Cities Service Oil Company and Milton Stein. Judgment affirmed insofar as appealed from, with one bill of costs jointly to respondents appearing separately and filing separate briefs. Appellant asserts that the court erred in failing to submit its cross claims against Cities Service Oil Company and Milton Stein to the jury, based upon a theory of *res ipsa loquitur.* The evidence at the trial established that Cities Service had entered into an agreement with appellant to service and repair the oil burner which caused the injury to plaintiff's merchandise. There was no proof of any negligence in the services rendered, and appellant concedes the insufficiency of evidence as to its claim of negligence. The *res ipsa loquitur* rule is not available to appellant in its cross claims against Cities Service and Stein in that said defendants were not in exclusive possession and control of the instrumentality causing the injury, and merely owed a contractual duty of maintenance (see *Stafford v Sibley, Lindsay & Curr Co.,* 280 App Div 495). We have considered appellant's arguments that it was error to submit plaintiff's cause of action in trespass to the jury based upon the insufficiency of evidence at trial, and that a general verdict on the negligence and trespass actions was improper. In view of its failure to object to the court's charge, and to specify such grounds in its motions to dismiss the trespass cause of action and to set aside the verdict, any objections were waived. Hopkins, Acting P. J., Martuscello, Latham, Titone and Hawkins, JJ., concur.