Samuel W. Eager, J.
This motion by defendant for judgment on the pleading’s pursuant to rule 112 of the Pules of Civil Practice attacks the sufficiency of each of the two causes of action in the complaint herein. It appears from the pleadings that one Sorenson was caused to fall, on collapsing of a ladder on which Corporation (herein referred to as Central Hudson) and its employee Lowe to recover for personal injuries sustained when *435 Sorenson was caused to fall on collapsing of a ladder on which he was standing. At the time of his injury, the said Sorenson was an employee of Hatzel and Beuhler (herein referred to as Hatzel), which company was then engaged as a contractor doing work upon premises owned by Central Hudson. Sorenson sued Central Hudson and Lowe in negligence for his injuries, and said suit was settled by Central Hudson for $16,250. Central Hudson now brings this independent action against Hatzel to recover the amount of the settlement and expenses, claiming the right to be indemnified by the latter.
The first cause of action in this action by Central Hudson is based upon an alleged agreement providing that the contractor (defendant Hatzel) should indemnify the owner (plaintiff herein, Central Hudson) from and against any and all liability arising on account of injuries “ occasioned by any act or omission of the contractor, its agents, servants or employees, including any and all expenses, * * * irrespective of any claim that an act, omission or negligence of the owner or the Engineers, their agents, servants or employees contributed to such injury or damage ”. Therefore, the right to recover upon this cause of action depends upon a showing that the claim settled was one for injuries occasioned by an act or omission of the “ contractor, its agents, servants or employees ”, to wit, of the defendant Hatzel, its agents, servants or employees. But, if there is such a showing, it is, by virtue of the express terms of the agreement, immaterial that Sorenson did claim that some negligent act or omission of the owner (Central Hudson), or of its servants, did cause the injuries.
Now, the second cause of action is grounded upon the theory that the injuries to Sorenson were in fact caused by the active and primary negligence of the defendant contractor (Hatzel) and that the negligence of Central Hudson was merely passive in nature. If this were true, there would be an implied right of indemnity. (See McFall v. Compagnie Maritime Belge, 304 N. Y. 314, 328.) To entitle Central Hudson to recover on this cause of action, there must be a factual showing, first, that the claim settled was one for injuries occasioned by an act or omission of the defendant Hatzel, its agents, servants or employees, constituting active or affirmative negligence, and, second, that the negligence on the part of Central Hudson contributing thereto was merely secondary and passive.
Now, it is clear that Central Hudson would have no right of indemnification on either cause from defendant Hatzel, if the injuries to Sorenson were in fact occasioned in the maimer and solely by reason of the facts as alleged by him in Ms action *436 against Central Hudson and Lowe (which was the action settled). The complaint in such action is before the court here, having been set up in full in the bill of particulars furnished herein by Central Hudson. It was set up in such bill merely as a showing of what the complaint was in the Sorenson action. Such complaint in effect alleges that Sorenson’s injuries were caused solely by the negligence of Lowe, the employee of Central Hudson, in his use, manipulation or placing of a hand-truck whereby it was caused to strike the ladder on which Sorenson was standing. Thus, if,, upon this motion, we were to assume the truth of the allegations of Sorenson’s complaint, then, there would be no right of recovery over under the alleged agreement of indemnity because, according to such allegations of the Sorenson complaint, the injuries were caused solely by negligent acts of Lowe rather than by an act or omission of the contractor, the defendant Hatzel; and there would be no right to recover on the second alleged cause because, according to such allegations, the injuries were caused by the active negligence of Central Hudson and its servant Lowe.
It is further clear, however, that, upon this motion for judgment on the pleadings in this indemnity action, independently brought, the allegations of the complaint in the former action by Sorenson against Central Hudson are not necessarily to be taken as true. The question here before the court is to be resolved solely upon a consideration of the pleadings in this independent action later brought by Central Hudson. We are not trying the issues, and, even if we were, the allegations in the Sorenson complaint would not be accepted as evidence of how the accident happened. Notwithstanding such allegations tend to show that the injuries to Sorenson were occasioned solely by the negligent acts or omissions of Central Hudson and its servant Lowe, Central Hudson may nevertheless plead and prove how as a matter of fact the accident did happen and show that it was in fact caused by the affirmative negligence of Hatzel. Incidentally, it is to be noted that Central Hudson, in maintaining an independent action for indemnity following the termination of the main action against it, is not faced with the third-party practice limitations imposed upon a defendant seeking to bring a third party into the main action. It is to be further noted that we have here no finding by a court or jury, binding upon Central Hudson, establishing the truth of the allegations of the Sorenson complaint.
. Specifically, on this motion by the defendant Hatzel, we are to assume the truth of the facts set forth in Central Hudson’s alleged causes of action and the truth of the uncontroverted alie *437 gations of pleaded defenses, and determine whether or not, upon such assumption, Central Hudson may recover on its causes. Upon such basis, the motion to dismiss the first alleged cause of action to recover upon the indemnity agreement is to be denied. There is a prima facie showing that the acts or omissions of the defendant Hatzel, or its servants, amounting to active or affirmative negligence, caused or contributed to cause the injuries for which Central Hudson was alleged to have been compelled to pay damages; and this is sufficient to charge Central Hudson with liability under the terms of the agreement.
It is determined, however, that the second alleged cause of action to recover on the theory that there is an implied right to indemnity is to be dismissed. This, because the cause of action is insufficiently pleaded. Central Hudson, settling a claim founded upon its negligence, was bound in its pleading in the action for indemnity to set forth facts tending to show that it was merely passively negligent. The general allegation “ that the negligence, if any, of this plaintiff, in the ownership of the aforesaid premises, was passive and secondary,” is conclusory merely and insufficient as a showing of a basis to recover over as against Hatzel as an alleged active tort-feasor. Mere conclusory allegations without setting forth facts to support them are held insufficient to sustain a complaint for indemnity. (See Shass v. Abgold Realty Corp., 277 App. Div. 346.)