AMERICAN STATES INSURANCE COMPANY *v.* DENNIS WILLIAMS.

[No. 871A156. Filed February 8, 1972. Rehearing denied March 21, 1972. Transfer denied August 16, 1972.]

*Frank J. Galvin, Jr.,* of Hammond, *Karl M. Jacobs,* of Fowler, for appellant.

*Eugene M. Feingold, Wilson, Benne, Feingold & Donnersberger,* of Hammond, for appellee.

SHARP, J.—This case arose as a result of an automobile collision which occurred in Hammond, Indiana on May 22, 1967. This collision involved an automobile owned by the City of Hammond, Indiana, and operated by Dennis Williams. The automobile operated by Dennis Williams was insured by the Appellant, American States Insurance Company, with a standard form uninsured motorist endorsement. The other automobile involved in the collision was operated by one William Irwin. On July 5, 1968, Dennis Williams filed a complaint for personal injury damages against the Appellant, American States Insurance Company, alleging that the automobile operated by William Irwin was an uninsured vehicle. On July 10, 1969, the Appellant, American States Insurance Company, filed its cross-complaint for declaratory relief designating William Irwin as cross-defendant (third party defendant). On August 24, 1970, the Appellant, American States Insurance Company, filed its cross-complaint for declaratory relief designating The Progressive Steel Workers of Hammond, Indiana, as cross-defendant (third party defendant) alleging that at the time of the collision on May 22, 1967, William Irwin was acting as an agent for The Progressive Steel Workers of Hammond, Indiana, Inc.

Both Irwin and The Progressive Steel Workers of Hammond, Indiana, Inc., filed separate motions to dismiss as to said cross-complaints for failure to state a claim pursuant to Trial Rule 12(B)(6) under the Indiana Rules of Civil

Procedure asserting the defense of the two year statute of limitations as provided in Ind. Ann. Stat. § 2-602 (Burns 1967), IC 1971 34-1-2-2 which provided in pertinent part as follows:

"The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards.

"First. For injuries to person or character, for injuries to personal property * * * within two [2] years."

The trial court granted both motions to dismiss on the basis of the above cited two year statute of limitations. The Appellant, American States Insurance Company, is not asserting any error with regard to the sustaining of the motion as to Irwin. (Although Irwin has been included as a party in the caption of this case, he is not really a party here.) The Appellant is asserting error in sustaining the motion to dismiss as to The Progressive Steel Workers of Hammond, Indiana, Inc.

In *Indiana Insurance Company* v. *Noble,* 148 Ind. App. 297, 265 N. E. 2d 419 (1970) at page 432, this Court stated the options available in this kind of case as follows:

"1. He may file an action directly against his insurance company without joining the uninsured motorist as a party defendant and litigate all of the issues of liability and damages in that one action. *Wortman* v. *Safeco Ins. Co., supra; Hill* v. *Seaboard Fire and Marine Ins. Co., supra; Boughton* v. *Farmers Ins. Exchange, supra; Travelers Indemnity Co.* v. *Debose,* 226 N. Y. S. 2d 16 (1960); and *State Farm Mutual Auto Ins. Co.* v. *Matlock,* Tex. Civ. App., 446 S. W. 2d 81 (1969). See also *Laurence* v. *Continental Ins. Co.,* La. App., 199 So. 2d 398 (1967).

2. He may file an action joining both the uninsured motorist and the insurance company as party defendants and litigate all of the issues of liability and damages in that action. See *American Fid. Fire Ins. Co.* v. *Hartford Accident and Indem. Co.,* 251 S. C. 507, 163 S. E. 2d 926 (1968), and Widiss, page 273. See also, *Hill* v. *Seaboard Fire and Marine Ins. Co., supra.*

3. He may file an action against the uninsured motorist alone without joining the insurance company as a party defendant and litigate the issues of liability and damages. In such case he gives preliminary and adequate notice of the filing and pendency of such action to the insurance company so that they may take appropriate action including intervention.

4. He may file an action against the uninsured motorist and give no notice to the insurance company.

"There can be no question that under options one and two the insurance company is bound by the determination of the issues of liability and damages after all appellate remedies are exhausted. . . ."

In this case Dennis Williams had the option to file an action directly against his insurance company without joining the uninsured motorist as a party defendant. However, the insurance company had an equal right to bring in as parties the uninsured motorist and his principal. This is certainly in accord with the overriding premise expressed in *Indiana Insurance Company* v. *Noble, supra,* to litigate all disputes in one case. This right on the part of the insurance company to join the uninsured motorist and his principal as parties to this action and the right of the appellant insurance company to require its insured to file a lawsuit against the uninsured motorist is explicitly provided for in the policy here in question as follows:

"After notice of claim, under this endorsement, the company may require the insured to take such action as may be necessary or appropriate to preserve his right to recover damages from any person or organization alleged to be legally responsible for the bodily injury—the company may require the insured to join such person or organization as party defendant."

The only really substantive question which remains is whether or not the defendant-appellant insurance company acted to bring in the uninsured motorist and his principal within the statute of limitations.

As a threshold matter, we must decide whether a motion to dismiss under Trial Rule 12(B)(6) can be a proper vehicle to raise the defense of the statute of limitations. In *Cassidy* v. *Cain,* 145 Ind. App. 581, 251 N. E. 2d 852 (1969), this Court held that summary judgment was a proper means to raise the defense of the statute of limitations. Although *Cassidy* v. *Cain, supra,* was decided before the adoption of the new rules of Civil Procedure on January 1, 1970, it remains valid. Further, we believe that a motion to dismiss under Trial Rule 12(B)(6) is also a proper vehicle by which the statute of limitations may be raised if the complaint (or in this case cross-complaint) shows on its face that it was filed subsequent to the running of the statute of limitations. See Harvey, *Indiana Procedure,* Vol. 1, page 483, which states:

"There is a division in federal cases on the question of whether affirmative defenses may be raised by motion. Many cases have held that, in view of the provisions of Rule 9(F) making allegations of time material on an issue of sufficiency of the complaint, a complaint which shows on its face that the claim is barred by the statute of limitations fails to state a claim and can be dismissed on a motion made under Rule 12(B)(6)." See also Wright and Miller, *Federal Practice and Procedure,* Vol. 5, § 1277, pp. 328 to 338, and Barron and Holtzoff, *Federal Practice and Procedure,* Vol. 1A, § 281, pp. 182 to 192.

Where it is clear from the face of the complaint (or in this case the cross-complaint) that it is barred by the statute of limitations, such complaint (or cross-complaint) may be subject to a motion to dismiss.

The basic issue presented for determination is two-fold; the nature and extent of any right acquired by an insurance company upon payment of a claim to one of its insureds under an uninsured motorist endorsement, and the statute of limitations applicable to such right.

Prior to 1969, the statute requiring the offering of uninsured motorist protection, Ind. Ann. Stat. § 39-4310 (Burns

1965 Repl.), contained no mention of any subrogation rights of the insurer against the uninsured motorist. In 1969, the section was amended by the General Assembly, Ind. Ann. Stat. § 39-4310 (Burns 1970 Supp.), IC 1971, 27-7-5-1 so as to specifically give the insurance company the right of subrogation. The section as amended reads in pertinent parts as follows:

> "The policy or indorsement affording the coverage specified in this act may further provide that payment to any person of sums as damages under such coverage shall operate to subrogate the insurer to any cause of action in tort which such person may have against any other person or organization legally responsible for the bodily injury or death because of which such payment is made, and the insurer shall be subrogated, to the extent of such payment, to the proceeds of any settlement or judgment that may thereafter result from the exercise of any rights of recovery of such person against any person or organization legally responsible for said bodily injury or death for which payment is made by the insurer. Such insurer may enforce such rights in its own name or in the name of the person to whom payment has been made, as in their interest may appear, by proper action in any court of competent jurisdiction." (Acts 1965, ch. 138 sec. 1, p. 215; 1969 ch. 124, sec. 1, p. 272.) (Emphasis added.)

Both parties here assume that even prior to the above amendment, an insurance company had the right of subrogation, although this question is much in conflict among the several states, which is presumably why the legislature enacted the amendment. Since this question will henceforth be moot and because the parties do not raise the issue, we will not belabor the point except to hold that we agree that the right existed prior to the amendment. See Hudak, *Arbitration, Statutes of Limitation and Uninsured Motorist Endorsements*, 19 CLEV. S. REV. 528 (19—) and Walsh, *Subrogation under Uninsured Motorist Insurance*, 10 B. C. IND. & COM. L. REV. 167, 183 (19—).

The point of departure between the parties is not whether the right of subrogation existed but rather the exact nature

of the right. Appellant argues that the insurer acquires the right of indemnification against Appellee when actual payment is made to its insured, thereby implying that an insurer has some type of implied contract or liability imposed by law vis-a-vis the uninsured motorist and his principal.

Appellant relies upon the general concept that where a person, without fault, has been compelled to pay damages because of the wrongful conduct of another primarily liable, he may recover from such other for expenditures properly made in the discharge of such liability. They argue that they fall under the rule that whenever the wrongful act of one person results in liability being imposed upon another, the latter may have indemnity from the person actually guilty of the wrong. But, the right of indemnification is generally derived from contract and for the right to exist absent a contract, there must be such a relationship that liability will be imposed by law. An excellent overall review of the right of indemnification is found in *McClish* v. *Niagara Machine & Tool Works*, 266 F. Supp. 987, 189 (S. D. Ind. 1967) wherein it was said:

> "The right to indemnity and the corresponding obligation to indemnify generally spring from contract, express or implied, and in the absence of an express or implied contract a right to indemnity generally does not exist. When indemnity is the subject of an express contract, Indiana takes the broad view that parties may lawfully bind themselves to indemnify against future acts of negligence, whether the negligence indemnified against be that of the indemnitor or his agents or that of the indemnitee or his agents. In the absence of express contract, however, Indiana follows the general rule that there can be no contribution or indemnity as between joint tort-feasors. There are, however, well recognized exceptions to such general rule, wherein the right to indemnity is implied, and so the question is as to whether Niagara pleads a claim falling within such an exception." (Footnotes Omitted.)

As a general rule, indemnity is not allowed absent an express or implied contract. There are, however, certain

exceptions as between joint tort-feasors, one of whom was liable only because of his relationship to the other joint tort-feasor or because of a specific statute where the right is imposed. None of these exceptions are applicable to this case.

The duty of the insurer to pay damages arises solely out of its contract with its insured and not by reason of any special relationship between the insurer and the uninsured motorist. The rights acquired by the insurer upon payment to the insured are solely derivative rights of subrogation. Subrogation, in the insurance context, has been defined in Couch, *Insurance 2d* §§ 61:36 and 61:37, pages 261-263, omitting headnotes, as follows:

> "Subrogation confers no greater right than the subrogor had at the time the surety or indemnitor became subrogated. The subrogated insurer stands in the same position as the subrogor, for one cannot acquire by subrogation what another, whose rights he claims, did not have.
>
> "The identity of a cause of action is not changed by the subrogation of an insurer thereto. Thus, the subrogation results only in a change in the beneficial ownership of the cause and has no effect on the character or underlying basis of a cause of action.
>
> "The right of subrogation is purely derivative as the insurer succeeds only to the rights of the insured, and no new cause of action is created. In other words, the concept of subrogation merely gives the insurer the right to prosecute the cause of action which the insured possessed against anyone legally responsible for the latter's harm; and this is so even though the right of subrogation is expressly declared by the statute."

Thus, the insurer stands in the shoes of the insured and takes no rights other than those which the insured had, and this is true regarding the applicable statute of limitations. This has been implicitedly recognized in several cases from other jurisdictions in deciding what statute of limitations is to be applied in a suit by the insured and the insurer on the uninsured motorist endorsement. In almost every case, the insurance companies argued for the shorter

tort statute of limitations because their right of subrogation against the uninsured motorist would be lost if suit by the insured was filed after the tort action was barred. In *LaMarsh* v. *Maryland Casualty Company*, 35 Misc. 2d 641, 231 N. Y. S. 2d 121, 124 (1962), it was stated:

> "Any prejudice to the respondent with respect to its rights to proceed by way of subrogation against the uninsured motorist has been occasioned by its own neglect. Had it diligently handled the claim in accordance with the provisions of the endorsement, any payment it might have to make probably would have been made within three years after the accident."

In *Sahloff* v. *Western Casualty & Surety Company*, 45 Wis. 2d 60, 171 N. W. 2d 914 (1969), the Supreme Court of Wisconsin commented on the above argument as follows:

> "It is true an insurer such as Western Casualty is put to some disadvantage when it can no longer pursue subrogation against an uninsured motorist. However, such hardship does not go to the nature of the cause of action and consequently does not determine what statute of limitations should apply. The application of any statute of limitations generally creates a hardship but it is a hardship because someone delayed doing what he might have done. Under the uniform endorsement an insurer may compel its insured to bring an action against the uninsured motorist either before or after payment of the claim and thus preserve its subrogation rights. Western Casualty's argument that an action can only be maintained if the insurer's right of subrogation is not prejudiced would create two rules in fact: One for a hit-and-run motorist, and the other for ascertainable uninsured motorist. We think this argument overrates the importance of subrogation because an uninsured motorist tends to be financially irresponsible and a subrogation right against such a person is not worth very much." See also *Schleif* v. *Hardware Dealers Mut. Fire Ins. Co.*, 218 Tenn. 489, 404 S. W. 2d 490 (1966) ; *Application of Travelers Indem.*, 226 N. Y. S. 2d 16 (Sup. Ct. 1960).

We believe that these cases correctly hold that the right of subrogation is lost if the insurance company fails to take action before the two (2) year tort statute of limitations has

run. As found by the trial court, the insurance company, under the endorsement, could have compelled the insured to take such action as was necessary or appropriate to preserve his right (and theirs by way of subrogation) to recover damages from the persons alleged to be legally responsible.

While it is indeed true that the insurance company has lost its right to seek reimbursement from the uninsured motorist, such loss was occasioned by its own failure to take affirmative action in a timely fashion.

Appellant next contends that the statute of limitations was tolled because for a period of time William Irwin had absented himself from the jurisdiction of the Courts of the State of Indiana. They rely on Ind. Ann. Stat. § 2-606 (a) (Burns 1967 Repl.), IC 1971, 34-1-2-6 which reads as follows:

> "The time during which the defendant is a nonresident of the state shall not be computed in any of the periods of limitation except during such time as the defendant by law maintains in the state of Indiana an agent for service of process or other person, who, under the laws of the state of Indiana, may be served with process as agent for the defendant."

However, Appellants have exhibited no foundation for a tolling of the statute. William Irwin was at all times amenable to service of process either by service within the state or by service upon the Secretary of the State of Indiana under the Nonresident Motorists Statute, Ind. Ann. Stat. § 47-1043 (Burns 1965 Repl.), IC 1971, 9-3-2-1. The Progressive Steel Workers of Hammond, Indiana, Inc., were also at all times subject to service of process in Indiana. Therefore, there is no ground for the tolling of the statute of limitations in this case.

Appellant, American States Insurance Company, has presented several other arguments in its brief and motion to correct errors which we have examined and found to be without merit. The decision of the trial court should be and hereby is affirmed.

Hoffman, C.J., Staton, J., concur.

NOTE.—Reported in 278 N. E. 2d 295.