Robert **BERKEMEIER** and Marilyn Berkemeier, Defendants-Appellants,

v.

**RUSHVILLE NATIONAL BANK,**
Plaintiff-Appellee.

No. 1–582A117.

Court of Appeals of Indiana,
First District.

Aug. 31, 1982.

Eric N. Allen, Free, Brand, Tosick & Allen, Greenfield, for defendants-appellants.

William B. Keaton, Keaton & Keaton, P. C., Rushville, for plaintiff-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Robert Berkemeier and Marilyn Berkemeier (Berkemeiers) appeal from that part of a judgment awarding attorney's fees of $17,500 to Rushville National Bank (Bank). We reverse and remand for further proceedings.

## STATEMENT OF FACTS

Berkemeiers executed a promissory note secured by a first mortgage on real estate and a security agreement on personal property in the amount of $233,548.93, with interest at twenty percent (20%), and attorney's fees, due September 1, 1981. When Berkemeiers failed to pay the note when due, Bank sued on the note and to foreclose the mortgage and security agreement. Berkemeiers did not appear, although duly served with process, and Bank moved for a default judgment. Bank filed an affidavit of its president stating there was due from Berkemeiers the sum of $233,548.93 plus interest at twenty percent (20%) per annum from June 3, 1981, and attorney fees of $17,500.00. The court heard no other evidence as to the amount of attorney's fees and entered judgment against Berkemeiers for the principal and interest due ($253,512.56) plus $17,500.00 attorney's fees. Berkemeiers filed a motion for relief from judgment claiming surprise which was supported by an affidavit of Robert Berkemeier to the effect that he did not appear and defend because he knew he owed the money but was surprised by the excessive attorney fee award. The next day, Berkemeiers filed a motion to correct errors challenging only the attorney fee award. Bank responded with another affidavit from its president setting forth Bank's fee agreement with its attorneys. Both the motion for relief from judgment and the motion to correct errors were denied, and this appeal followed.

1. The expert testimony supported a greater amount of attorney fees than those awarded by the court. The supreme court used the judicial

## ISSUE

The sole issue presented by Berkemeiers as stated in their appellants' brief is:

"Did the trial court err in awarding the Plaintiff [Bank] the sum of Seventeen Thousand Five Hundred Dollars ($17,500.00) for attorney fees in a mortgage foreclosure action where Judgment was obtained by default, without hearing any evidence supporting the award of those fees?"

## DISCUSSION AND DECISION

The question of whether or not a trial judge, based upon his own knowledge and experience as a lawyer and his own expertise in the area of reasonable attorney's fees, can take judicial notice of the amount and reasonableness of such fees and base an award of fees upon that knowledge alone without other supporting evidence in the record has been the subject of several recent cases. In *Marshall v. Russell R. Ewin, Inc.*, (1972) 152 Ind.App. 171, 282 N.E.2d 841, *trans. denied*, Judge Lowdermilk stated the law formerly was that where the amount of attorney's fees was not fixed in the note, the amount had to be established by proper evidence, citing *Interstate Motor Freight Systems v. Gasoline Equipment Co.*, (1940) 107 Ind.App. 494, 24 N.E.2d 418. However, the court said that the former law as stated in *Interstate* had been overruled by *McDaniel v. McDaniel*, (1964) 245 Ind. 551, 201 N.E.2d 215, and that "a court may properly take judicial notice of reasonable attorney fees in the trial of a cause." *Marshall*, 152 Ind.App. at 185, 282 N.E.2d at 850. However, although *McDaniel* does state that "the reasonableness of attorney fees is also a matter regarding which the judge, being a lawyer, may take judicial notice[,]" 245 Ind. at 562, 201 N.E.2d at 220, the opinion in *McDaniel* reveals that there was expert testimony before the court concerning attorney's fees.[1] In *Brames v. Crates*, (1980) Ind.App., 399 N.E.2d 437, this court said that the reasona-

notice argument in support of the trial court's award of the lesser amount.

bleness of attorney's fees is a matter of which the trial judge, being a lawyer, may take judicial notice. Whether there was any evidence at all presented regarding attorney fees is not revealed by the *Brames* opinion. In *Streets v. M. G. I. C. Mortgage Corp.*, (1978) Ind.App., 378 N.E.2d 915, testimony that a reasonable charge for such services would be a contingent fee of one-third of the judgment was held to be sufficient to sustain an award of fees in that amount. In *First Valley Bank v. First Savings and Loan Association of Central Indiana*, (1980) Ind.App., 412 N.E.2d 1237, *trans. denied*, this court stated that "the trial court might award attorney fees on the sole basis of its own observation of the trial, without hearing any evidence on the point." 412 N.E.2d at 1245. However, in that case, extensive hearings were held on the question of attorney fees, so the court did not, in fact, base its award solely on the basis of its own observation.

We now come to a consideration of recent cases which have required evidence to support an award of attorney's fees where the cases were not routine or the amount of fees was not small. In *U. S. Aircraft Financing, Inc. v. Jankovich*, (1980) Ind.App., 407 N.E.2d 287, *trans. denied*, which was an action seeking forfeiture of a conditional sales contract, involving an award of $30,-000.00 in attorney's fees, Judge Chipman wrote:

"The law in Indiana is conflicting on the question of whether a court can award attorney's fees without supporting evidence. Many cases decline to uphold an award without such evidence, *Sears Roebuck and Co. v. State*, (1967) 248 Ind. 169, 225 N.E.2d 175 (mandate to collect taxes); *Waverly Company v. Moran Electric Service*, (1940) 108 Ind.App. 75, 26 N.E.2d 55 (mechanic's lien); *Jackson v. J. A. Franklin & Son*, (1939) 107 Ind.App. 38, 23 N.E.2d 23 (mechanic's lien). Other cases have held a judge may take judicial notice of the reasonableness of a fee, *McDaniel v. McDaniel*, (1964) 245 Ind. 551, 201 N.E.2d 215 (divorce); *In re Davis*, (1932) 204 Ind. 227, 183 N.E. 547 (estate proceeding); *Fox v. Galvin*, (1978)

Ind.App., 381 N.E.2d 103 (mechanic's lien foreclosure); *Geberin v. Geberin*, (1977) Ind.App. [172 Ind.App. 255], 360 N.E.2d 41 (divorce); *Wireman v. Wireman*, (1976) Ind.App. [168 Ind.App. 295], 343 N.E.2d 292 (divorce); *Roe v. Doe*, (1972) 154 Ind.App. 203, 289 N.E.2d 528 (paternity); *Marshall v. Russell R. Ewin, Inc.*, (1972) 152 Ind.App. 171, 282 N.E.2d 841 (note and mortgage foreclosure).

"In examining the cases it would appear that in certain types of actions, particularly divorce or dissolution, it is generally held evidence is not required to support an award of attorney's fees. This is apparently true when the amount of the fees is relatively modest or appears to be the norm for the type of litigation under consideration. However, where the nature of the action is unique, such as in *Sears, Roebuck & Co. v. State, supra*, involving a mandamus proceeding to compel the collection of property taxes, the Supreme Court held where there 'is no evidence at all in the record on the subject of . . . attorney fees (t)he lack of evidence is fatal. . . . A finding by the court as to the value of an attorney's service should be supported by testimony.' 225 N.E.2d at 183.

"Litigants and courts would be well advised to examine the factors set forth in the *Code of Professional Responsibility*, DR 2–106(B) in determining what evidence they should consider in preparation for trial or when deciding the amount to be awarded. These principles create a more objective foundation for a determination of fees rather than the subjective reaction of the trial judge, no matter how learned or experienced he or she may be.

"There is no foreseeable hardship in establishing the amount of fees by way of the procedure we have outlined. Most lawyers maintain time records or can estimate their time spent on a particular case with some accuracy. The same is true with out-of-pocket expenses. Further, if it is felt the legal work performed justifies a higher than normal fee, there is no reason why testimony regarding the diffi-

culty or complexity of a case should not be introduced. Any imposition upon or embarrassment of a lawyer forced to prove his fees in open court should be minimal, especially when balanced with the fact that such a practice would tend to enhance the integrity of the legal profession in the eyes of the litigants and the public at large." (Footnote omitted.) 407 N.E.2d at 295–296.[2]

Judge Miller quoted extensively from the language herein quoted from *Jankovich* in reversing an $8,500 attorney fee award in *Henry B. Gilpin Co. v. Moxley*, (1982) Ind. App., 434 N.E.2d 914. Further, this court in *Moxley* held the client's assertions as to the value of his attorney's services were insufficient to support the attorney fee award in the absence of admissible evidence "including evidence such as the amount of time and labor required by the attorney, the difficulty of the questions presented to the trial court, the skill needed to perform the service properly, and the fee customarily charged in the community for similar services." 434 N.E.2d at 921.[3]

The most recent pronouncement on this issue came in *Leibowitz v. Moore*, (1982) Ind.App., 436 N.E.2d 899, a case in which an award of attorney's fees was reversed, but with no majority opinion as to the reason. Judge Garrard alluded to the well established principles that a default admits liability but not damages, *Siebert Oxidermo, Inc. v. Shields*, (1981) Ind.App., 430 N.E.2d 401 (on rehearing) (transfer pending); and that

what constitutes a reasonable attorney fee is a question of fact to be determined the same as other professional fees, *Lystarczyk v. Smits*, (1982) Ind.App., 435 N.E.2d 1011, and then said that under *Jankovich* "the fact that the attorney's client had agreed to, or paid, a certain fee was not controlling as to reasonableness and that *judicial notice of what constitutes a reasonable fee should not be applied except to usual and mundane affairs of the court involving relatively modest sums.*" (Our emphasis.) 436 N.E.2d at 900. Judge Staton concurred because he considered the fee unreasonable but rejected Judge Garrard's interpretation and application of *Jankovich.* Judge Hoffman dissented on the ground that the trial court could assess the amount and determine the reasonableness of the fees on the basis of his own expertise.

Here, after the motion to correct errors was filed, Bank filed a second affidavit setting forth its percentage fee agreement with its attorney. This we believe to be unavailing for two reasons. First, it is not the type of affidavit which Ind.Rules of Procedure, Trial Rule 59(H)(1) and (2) envision. *See* 4 W. Harvey and R. Townsend, *Indiana Practice* 131 (1971). Rather, such is an attempt to get evidence before the court which was not, but should have been, presented at the trial. Second, such evidence is not controlling. *Jankovich.* See also the excellent discussion in Judge Staton's concurring opinion in *Leibowitz* on the difference between a fee agreement which

2. DR 2 106(B) of the *Code of Professional Responsibility* sets forth the following factors as guides for determining the reasonableness of fees:

"(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent."

3. *But see Matter of Estate of Kingseed*, (1980) Ind.App., 413 N.E.2d 917, *trans. denied*, concerning attorney's fees in a probate matter wherein it was said that "in the case of attorney fees we have recognized a trial judge's expertise in valuing such services. [citations omitted.] The amount of allowance for services as attorney and executor is therefore left to the discretion of the trial court and will not be disturbed on appeal in the absence of abuse. [citations omitted.]" 413 N.E.2d at 933.

is commercially reasonable as between the holder of the note and his attorney and the reasonable attorney's fees which may be charged to the delinquent maker of the note.

 It is our opinion that save for routine cases involving relatively small amounts, awards of attorney's fees in cases of this nature must be supported by evidence. That evidence must reflect those items properly a matter for consideration in determining such fees. DR 2–106(B); · *Moxley.* Even in times when double digit inflation rates are not uncommon and one hundred billion dollar federal budget deficits are forecast, $17,500.00 is not an inconsequential or relatively small amount. The foreclosure action here, especially in view of the Berkemeiers' default, may not have been complex, but the amounts involved are large, and the attorney fee award is for a substantial amount of money. In our view, the award of $17,500.00 attorney's fees in the absence of any supporting evidence was an abuse of discretion and reversible error.

In reversing, we express no opinion concerning the reasonableness of the attorney fee award. Since the trial court could not, in our view, determine either the amount or the reasonableness of the fees in the absence of evidence, neither can we. Therefore, we cannot, and do not, reach the issue of the reasonableness of the fee at this time.

Judgment reversed and cause remanded to the trial court for further hearing on the issue of attorney's fees only.

NEAL and ROBERTSON, JJ., concur.