**ZEBROWSKI AND ASSOCIATES, INC.,**
Defendant-Appellant,

v.

**CITY OF INDIANAPOLIS, By and Through ITS BOARD OF DIRECTORS FOR UTILITIES OF ITS DEPARTMENT OF PUBLIC UTILITIES, A Municipal Corporation of the State of Indiana d/b/a Citizens Gas & Coke Utility, Plaintiff-Appellee.**

No. 1–683A171.

Court of Appeals of Indiana,
First District.

Dec. 21, 1983.

John T. Hume, III, Michael E. Simmons, Smith & Jones, Indianapolis, for defendant-appellant.

Harry V. Huffman, Indianapolis, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant Zebrowski and Associates, Inc. (Contractor) appeals from a judgment ·of the Boone Superior Court in favor of Citizens Gas & Coke Utility (Utility) in an action to recover the amount paid to one of Contractor's employees in settlement of the employee's action against the Utility for personal injury damages, and for attorney fees generated in connection with the action.

We affirm.

## STATEMENT OF THE FACTS

The Utility and Contractor entered into a written agreement for the removal of oxide materials from the inside of the No. 7 Oxide box at Utility's Prospect Street Coke Manufacturing Plant. The contract contained an indemnity clause providing:

> "Contractor shall defend, indemnify and hold harmless the Utility and its agents and employees from and against all claims, damages, losses and expenses,

including attorney fees arising out of or resulting from the operations of the Contractor, except for those arising solely from Utility's negligence, provided that any such claim, damage, loss, or expense (1) is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property, including the loss of use resulting therefrom and (2) is caused (or is claimed to have been caused) in whole or in part by any act or omission of the Contractor, any subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, regardless of whether or not it is caused (or is claimed to have been caused) in part by a party indemnified hereunder in any and all claims against the Utility or any of its agents or employees by any employee of the Contractor, any subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, this indemnification obligation shall not be limited in any way by any limitation on the amount or type of damages, compensation or benefits payable by or for the Contractor or any subcontractor under Workmen's Compensation Acts, Disability Benefit Acts, or other Employee Benefit Acts."

An explosion occurred during Contractor's performance of the agreement injuring one of Contractor's employees who was working inside the No. 7 oxide box. This employee filed suit against Utility, alleging that his injuries were caused solely by the Utility's negligence. The Utility notified Contractor of the suit and tendered the defense to Contractor, who declined to defend. The Utility and the injured employee arrived at a compromise settlement figure, and Utility informed Contractor that any objections thereto should be submitted immediately, as the Utility intended to assert a claim for indemnity from the Contractor for any sum paid out, and for attorney fees. A settlement of $50,000.00 was paid by the Utility to the injured employee and that litigation was dismissed by joint stipulation.

The Utility thereafter filed the present cause of action against Contractor seeking to recover the $50,000.00 paid out and $2,050.00 in attorney fees incurred in the prior litigation. Following a bench trial on the matter, a judgment of $52,050.00 was entered in favor of the Utility. Contractor appeals therefrom.

## ISSUES

Contractor raises two issues for review, which as restated, are:

I. Whether the trial court properly placed the burden of proving an exception to liability found in the indemnity clause on the Contractor, indemnitor, entitling the Utility, indemnitee, to recovery in the absence of evidence of the exception.

II. Whether the trial court erred in awarding attorney fees to the Utility in the absence of evidence concerning the reasonableness of the amount.

## DISCUSSION AND DECISION

*Issue I.*

Actions on indemnity agreements are governed by contract law. *American States Insurance Company v. Williams*, (1972) 151 Ind.App. 99, 278 N.E.2d 295. The general rules of evidence in this area are applicable. Thus, the burden of proof is on the indemnitee, the Utility in this case, to prove all the material elements of its cause of action by a preponderance of the evidence. The indemnitor, Contractor here, must prove any affirmative defenses. The agreement will also be construed and interpreted according to the general rules applicable to other contracts. A contract of indemnity should be construed to cover all losses and damages to which it reasonably appears that the parties intended it to apply. *Freigy v. Gargaro Company*, (1945) 223 Ind. 342, 60 N.E.2d 288.

The portions of the indemnity clause here involved which are relevant to the Utility's

action for recovery against the contractor are:

A. "Contractor shall defend, indemnify and hold harmless the Utility..."

B. "[F]rom and against all claims, damages, losses and expenses, including attorney fees..."

C. "[A]rising out of or resulting from the operations of the Contractor..."

1. *"[E]xcept* for those arising solely from Utility's negligence..."

2. "[P]rovided that any such claim, damage, loss, or expense..."

(a) "is attributable to bodily injury ... and"

(b) "is caused (or is claimed to have been caused) in whole or in part by any act or omission of the Contractor, any subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, ..."

(i) *"regardless* of whether or not it is caused (or is claimed to have been caused) in part by a party indemnified hereunder..."

D. "[I]n any and all claims against the Utility..."

E. "[B]y any employee of the Contractor..."

Simply put, the Contractor agreed to indemnify the Utility in an action brought against the Utility for work-related injuries not caused solely by the Utility's negligence.

The Contractor admitted to the terms of the agreement and that the explosion which caused the employee's injuries occurred during the performance of the agreement. Evidence presented at trial showed the Utility was in charge of the necessary preparation of the oxide box before the Contractor could remove the oxide materials. At the time of the explosion, the only persons near the No. 7 oxide box were employees of the Contractor. No evidence establishing the cause of the explosion was presented by either party, although witnesses for both sides speculated on the possible sources of ignition.

On appeal, Contractor argues that the trial court's decision in favor of the Utility was erroneous because the Utility did not satisfy its burden of proving Contractor caused the explosion. However, the indemnity agreement does not require absolute proof of causation on the Contractor's party. Once the Utility introduced evidence that the explosion occurred during Contractor's performance of the contract, a prima facie case in its favor had been established. To avoid his contractual duty to indemnify the Utility, Contractor then had the burden of proving the exception to his liability; that an act of the Utility or a third person was the sole cause of the injury.

Logic and general principles of law place the burden of proving the existence of the exception on the indemnitor, Contractor. Since only the Contractor's employees were in the vicinity of the No. 7 oxide box when the explosion occurred, any available facts of causation would be within the peculiar knowledge of the Contractor, through its agents. Furthermore, a common rule of contract and insurance law states that when performance is promised in general terms, followed by specific exceptions and limitations, the obligor has the burden of proving that the case falls with the exception. *A. Corbin, Contracts*, Sec. 751 (1952); *Gilbralter Mutual Life Insurance Co. v. Pitts*, (1962) 133 Ind.App. 361, 182 N.E.2d 450; *Red Men's Fraternal Accident Association of America v. Rippey*, (1913) 181 Ind. 454, 103 N.E. 345. As the Supreme Court of Arkansas stated in *North Little Rock Electric Company v. Pickens-Bond Construction Company*, (1972) 253 Ark. 172, 485 S.W.2d 197, proof of the exception to an indemnity claim is an affirmative defense to be raised and proven by the indemnitor.

The factual situation presented in the *North Little Rock Electric (NLR Electric)* case, *supra*, is strikingly similar to the instant case. In its first appeal (*Pickens-Bond Construction Company and Aetna Casualty & Surety Co. v. North Little Rock Electric*, (1970) 249 Ark. 389, 459 S.W.2d 549), the court analyzed an overly

broad indemnity provision and ruled that NLR Electric, as subcontractor, agreed to indemnify Pickens-Bond, the General Contractor, in any action for work-related damages, except those solely caused by Pickens-Bond's negligence. The court stressed that if recovery was precluded in every case where negligence of the indemnitee contributed in any degree to the injury sustained, there would be practically no occasion when the indemnity was operative. Likewise, the indemnity agreement between the Utility and Contractor here involved specifically provides for indemnification of concurrent or contributing negligence of the Utility (See p. 4, supra, Sec. C(2)(b)(i) of summarized indemnity clause), but not the Utility's sole negligence.

The event giving rise to the original suit for damages in the *NLR Electric* case, *supra*, was the explosion of a kerosene burning heater which injured an employee of NLR Electric who was working near the heater. Pickens-Bond settled the claim and thereafter sued NLR Electric for recovery of the sum paid to the injured employee. No evidence was introduced establishing the identity of the person responsible for acts which led to the explosion. Pickens-Bond employees were designated to keep the heater in operation, however, NLR Electric employees and other subcontractors often handled the heaters also. At the time of the explosion, only employees of NLR Electric were in the vicinity of the heater. At the close of the evidence, the trial court directed a verdict in favor of Pickens-Bond on the theory that NLR Electric had not met its burden of proving that Pickens-Bond was guilty of negligence which was the sole proximate cause of the explosion and injuries. The trial court was affirmed on appeal.

■ We agree with the Arkansas Supreme Court. There is no persuasive authority which would lead us to place the burden on the Utility to establish that it was free of negligence. Contractor argues that because the injured employee alleged the Utility's negligence was the sole cause of the explosion, the Utility must disprove its negligence. However, an averment in a complaint is not conclusive as to guilt following settlement of the claim. *See Central Hudson Gas & Electric Corporation v. Hatzel and Beuhler, Inc.,* (1956) 24 Misc.2d 434, 202 N.Y.S.2d 818.

■ Confusion also arises at this point over the application of the phrase "(or is claimed to have been caused)" found in the indemnity agreement. This phrase is relevant only to the original suit for damages brought by the injured party. It refers to the contractor's duty to defend an action brought against the Utility for injuries alleged to have been caused by the contractor. Such was not the situation in the case before us, therefore, the phrase has no effect. Here, the injured employee need not prove his injuries were caused solely by the Utility's negligence in order to recover on his claim, and his recovery does not automatically discharge Contractor's duty to indemnify the Utility. Thus, the Utility may thereafter bring suit against Contractor to recover the amount expended through the settlement agreement with the injured employee. The Utility established that the explosion and resulting injuries occurred during the cleaning of the No. 7 oxide box, when only the Contractor's employees were present. Contractor's injured employee did not testify and no evidence inculpating the Utility was introduced by Contractor. The indemnity clause shifted the risk of loss to the Contractor and the trial court properly awarded recovery to the Utility, in absence of evidence establishing Contractor's affirmative defense.[1]

1. Although there is case law supporting the Contractor's view that the indemnitee must prove the negligence of the indemnitor in order to recover, those cases are distinguishable because the clauses involved contain no language of exception. *See New Broad Co. v. Bay Chester Marble & Tile Co.,* (1956) 147 N.Y.S.2d 831; and *Central Hudson Gas & Electric Corporation,* supra, where the indemnity agreements were effective only if the injury was occasioned by an act or omission of the contractor. The majority of these cases also concern implied rights of indemnity as opposed to express indemnity agreements such as the one in the case before us.

*Issue II.*

■ Contractor alleges the trial court's award of $2,050.00 attorney fees to the Utility was error in the absence of evidence showing the reasonableness of that amount. The award of an amount for attorney fees is within the trial court's discretion, therefore, we will reverse only where an abuse of discretion is apparent. *In re Meyer's Estate*, (1966) 138 Ind.App. 649, 215 N.E.2d 556.

■ The trial court may take judicial notice of what constitutes a reasonable amount of attorneys fees. *In re Lockyear*, (1974) 261 Ind. 448, 305 N.E.2d 440. Such practice should be limited to routine cases involving relatively small amounts. *Berkemeier v. Rushville National Bank*, (1982) Ind.App., 438 N.E.2d 1054.

■ An indemnitee, who incurs legal expenses through defending an action against him for which he is entitled to indemnification, is entitled to recover the expense of creating his defense, including reasonable attorney fees. *Employers' Liability Assurance Corporation v. Citizens National Bank of Peru*, (1926) 85 Ind.App. 169, 151 N.E. 396. This is especially true where the indemnitor has been notified of the suit and refuses the opportunity to defend it. The indemnitee may recover attorney fees from the indemnitor incurred through an original action which is settled, and also for the cost of prosecuting the indemnity clause. *Price v. Amoco Oil Co.*, (S.D.Ind.1981) 524 F.Supp. 364. In the present case, a specific provision for attorney fees is included in the indemnity clause, and only recovery of fees concerning the original suit was requested.

■ In determining what a reasonable amount of attorney fees would be in a particular case, consideration should be given to the nature and difficulty of the litigation; the time, skill, and effort involved; the fee customarily charged for similar legal services; the amount involved; and the time limitations imposed by the circumstances. *Lystarczyk v. Smits*, (1982) Ind.

App., 435 N.E.2d 1011. What transpires throughout a lawsuit is indirect evidence of what constitutes a reasonable attorney fee *Fox v. Galvin*, (1978) 177 Ind.App. 654, 381 N.E.2d 103. In the present case, the trial court had the entire proceedings of the case before him. There had been no lengthy trial, since the matter was settled, and the amount of attorney fees requested was not exorbitant. The trial court's award of attorney fees to the Utility totaling less than 5% of the amount recovered from the Contractor was made in light of all that was involved in the litigation, and was not an abuse of discretion. *See Fox, supra.*

For the above stated reasons, this cause is affirmed.

Judgment affirmed.

ROBERTSON, P.J., concurs.

RATLIFF, J., concurs in part, dissents in part with opinion.

RATLIFF, Judge, concurring in part and dissenting in part.

On the basis of *Berkemeier v. Rushville National Bank*, (1982) Ind.App., 438 N.E.2d 1054, I dissent from that part of the majority opinion which upholds the award of attorneys' fees. This is not a routine case involving a relatively small amount within the exception to the requirement of evidence to support awards of attorneys' fees. *Berkemeier.* I would reverse and remand for an evidentiary hearing requiring proof of the amount and reasonableness of attorneys' fees to support such an award.

In all other respects, I concur in the majority opinion.