**DALE BLAND TRUCKING, INC.,** General Agents Insurance Company of America, Inc., and Holland America Insurance Company, **Appellants–Plaintiffs,**

v.

**Don KIGER** d/b/a Kiger Enterprises, Michigan Mutual Insurance Company, and **Donald Saylor, Appellees–Defendants.**

No. 11A01–9204–CV–112.

Court of Appeals of Indiana,
First District.

Sept. 15, 1992.

David L. Ferguson, Teri A. Riess, Ferguson, Ferguson & Lloyd, Bloomington, for appellants-plaintiffs.

Rick Meils, Joseph M. Dietz, Meils, Zink, Thompson & Dietz, Indianapolis, for appellees-defendants.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Dale Bland Trucking, Inc., General Agents Insurance Company of America, Inc., and Holland America Insurance Co. (collectively "Bland") appeal the trial court's denial of recovery of attorney's fees and prejudgment interest. We affirm in part, reverse in part, and remand.

## ISSUES

1. Did the trial court err in denying Bland's attorney's fees?

2. Did the trial court err in denying prejudgment interest?

## FACTS

In 1984, Saylor was employed by Don Kiger, d/b/a Kiger Enterprises, to drive a semi-truck which was leased to Bland. The lease agreement between Kiger and Bland provided that Kiger would maintain insurance for Dale Bland Trucking, Inc. Kiger was insured by Michigan Mutual Insurance Company ("MMIC"). The MMIC policy provided coverage to "anyone liable for the conduct of an insured." Also, in the lease agreement, Kiger agreed to indemnify Bland for all losses incurred because of

injury sustained by reason of negligence or recklessness on the part of Kiger, his agents, servants, or employees.

On September 28, 1984, Saylor caused an accident while he was driving the semi-truck. As a result, four lawsuits were initiated against Saylor and Bland. Bland demanded that MMIC defend them, but MMIC refused, denying it had a duty to defend them. Bland defended each third-party action and paid damages of $165,-314.06. Bland incurred attorney's fees of $28,881.82. Bland then filed this action for declaratory judgment against Kiger and MMIC seeking indemnity.

The trial court determined that MMIC was obligated to defend claims against Kiger and that Bland was entitled to indemnification from MMIC pursuant to the lease agreement breached by Kiger. Bland recovered the amounts paid in the third-party actions and attorney's fees incurred therein. However, the court refused to award Bland attorney's fees incurred in prosecuting this declaratory indemnity action. The trial court also denied Bland's request for prejudgment interest. Bland now appeals. Other relevant facts will be presented in our discussion of the issues.

### DISCUSSION AND DECISION

*Issue One*

■ Bland first contends that the trial court erred by denying Bland's attorney's fees incurred in this action for declaratory judgment. In Indiana, each party to litigation must pay for its own attorney's fees, absent a statute or agreement authorizing such an award. *Indiana Insurance Co. v. Plummer Power Mower & Tool Rental, Inc.* (1992), Ind.App., 590 N.E.2d 1085, 1093. MMIC argues that no statute or agreement provided for an award of attorney's fees here and that the trial court should be affirmed. Bland argues that *Zebrowski & Associates, Inc. v. City of Indianapolis* (1983), Ind.App., 457 N.E.2d 259, 264, supports its contention that an

indemnitee may recover attorney's fees from the indemnitor incurred in prosecuting the indemnity clause. The *Zebrowski* court made such statement in *dicta* when citing a federal case [1] and did not apply the language to the case. *Id.* Instead, the court stated that the indemnity clause for attorney's fees referred to recovery of fees concerning the original lawsuit and not of the indemnity action. *Id.* Therefore, *Zebrowski* does not support Bland's contention.

Bland further urges that the award should be permitted citing public policy reasons and the law in other jurisdictions. However, Indiana clearly follows the American Rule, and we must adhere to the law of our state.

In response to the appellees' discussion of the Declaratory Judgment Act, Bland contends that IND. CODE § 34-4-10-8 is statutory authority for awarding attorney's fees in declaratory judgment actions. I.C. § 34-4-10-8 permits a court to grant "further relief based on a declaratory judgment ... whenever necessary or proper." I.C. § 34-4-10-8 requires the party to petition the court for such relief. Bland did not do this, and therefore, we do not consider this argument further.

■ Bland raises two additional arguments in its reply brief. These arguments are waived for failure to present them in the appellant's initial brief. *See Ward v. State* (1991), Ind., 567 N.E.2d 85, 85 (inappropriate to raise issue for first time in reply brief); Ind. Appellate Rule 8.3(A)(7). Despite waiver, we may review the issue if the noncompliance with the appellate rules does not impede our review of the issue. *Ward*, 567 N.E.2d at 86.

Bland's characterization of the attorney's fees as consequential damages in its reply brief is of no avail. In *Indiana Insurance*, 590 N.E.2d at 1093, the appellate court reversed an attorney's fees award portrayed as consequential damages, declaring that Indiana precedent following the American Rule for attorney's fees precluded the award.

---

**1.** We note that the federal case cited in *Zebrowski* was *Price v. Amoco Oil Co.* (S.D.Ind.1981), 524 F.Supp. 364. The *Price* court permitted an award of attorney's fees incurred in prosecuting the indemnity agreement because the lease contained very specific language providing for such recovery. *Id.* at 372.

In the reply brief, Bland also contends that the indemnity clause in the lease agreement supports an award of attorney's fees in the present action. Paragraph 5 of the lease agreement sets forth: *"Hold Harmless:* Owner [Kiger] agrees to indemnify Dale Bland and save Dale Bland harmless from any and all claims, suits, losses, fines, or other expenses arising out of, based upon or incurred because of injury to any person or persons or damage to any property sustained by reason of negligence or recklessness on the part of Owner, its agents, servants, or employees." Record 190. Bland presents that the language "from any and all ... suits, losses" includes attorney's fees incurred in the prosecution of the indemnity action. We disagree.

The indemnity clause in *Zebrowski* provided, "Contractor shall defend, indemnify and hold harmless the Utility ... from and against all claims, damages, losses and expenses, including attorney fees...." *Zebrowski*, 457 N.E.2d at 262. The court determined that the clause referred only to attorney's fees incurred in the underlying tort actions, and not the prosecution of the indemnity clause. *Id.* at 264. Likewise, the indemnity clause in the case at bar does not refer to the recovery of attorney's fees in the indemnity action. The trial court was correct in denying an award for attorney's fees incurred in the present litigation.

*Issue Two*

Bland also argues that the trial court was required to award prejudgment interest. We agree. An award of prejudgment interest is warranted if the damages are ascertainable in accordance with fixed rules of evidence and accepted standards of valuation. *Hammes v. Frank* (1991), Ind.App., 579 N.E.2d 1348, 1357, *trans. dismissed* (quotations omitted). Prejudgment interest is proper only where a simple mathematical computation is required. *Id.* An award of prejudgment interest is generally not considered a matter of discretion.

*Sand Creek Country Club v. CSO Architects* (1991), Ind.App., 582 N.E.2d 872, 876. In the present case, the amounts Bland paid to third parties were readily ascertainable. *See* Record at 1172. Also, the parties stipulated to the amounts Bland paid as attorney's fees for defending the third-party actions. Record at 178. Due to the stipulation, the trier of fact did not need to exercise judgment to determine damages; therefore, the court erred in failing to award prejudgment interest on the amounts paid to third parties and the attorney's fees incurred in defending the third-party actions. *See Sand Creek*, 582 N.E.2d at 876 (damages were ascertainable by the parties' stipulation on the reasonable value of services performed so prejudgment interest was required). We remand for the court to add prejudgment interest to the judgment.

Affirmed in part, reversed in part, and remanded.

BAKER and MILLER, JJ., concur.