FOR THE RESPONDENT FOR THE INDIANA SUPREME COURT

DISCIPLINARY COMMISSION

Jeffrey K. Baldwin, 
Pro Se
 Donald R. Lundberg, Executive Secretary

Robert C. Shook, Staff Attorney 115 West Washington Street, Ste. 1060

Indianapolis, IN  46204

______________________________________________________________

IN THE

SUPREME COURT OF INDIANA

IN THE MATTER OF )

)  Case No. 32S00-9608-DI-571

JEFFREY K. BALDWIN )

______________________________________________________________

DISCIPLINARY ACTION

_______________________________________________________________

Per Curiam

The Indiana Supreme Court Disciplinary Commission charges that the respondent,  Jeffrey K. Baldwin, violated the 
Professional Rules of Conduct for Attorneys at Law 
by failing promptly to deliver to a client funds that the client was entitled to receive.
 
 The Commission and the respondent have tendered for this Court’s approval a
 Statement of Circumstances and Conditional Agreement for Discipline
 in resolution of this case. Our disciplinary jurisdiction is conferred by the respondent’s admission to this state’s bar on May 31, 1979.   We find that the parties' agreement should be accepted. 

The parties agree that on April 21,1992, a client hired the respondent to collect past-due rent from one of the client’s former tenants.  The client paid to the respondent a non-contingent fee for anticipated legal services along with $55 to pay the court filing fee.  That same day, the respondent filed a complaint on the client’s behalf.   On July 11, 1992, the trial court entered a default judgment in favor of the client for $2,197 plus $1,000 in attorney fees and $55 for court costs for a total judgment of $3,352 plus 10% post-judgment interest. The court entered a 
Final Order in Garnishment
 in favor of the client on September 21, 1992.

The trial court clerk received the first garnishment check on November 2, 1993.   Based on receipt of that check and those received thereafter, the clerk issued checks payable to the client and forwarded them to the respondent.
(footnote: 1)    Upon receipt, the respondent deposited each check into his trust account.   By June 22, 1994, the respondent had deposited a total of $3,352.00 into his trust account pursuant to the garnishment.

Beginning around September 21, 1992, the client made periodic inquiries to the respondent or the respondent’s staff concerning the status of the garnishment.  On September 18, 1995, the client, through an agent, sent the respondent a letter inquiring about the status of the garnishment.  On October 5, 1995, the respondent informed his client by letter that the total amount received to date was $1,686, when in fact the respondent had deposited $3,352.   On October 13, 1995, the respondent personally delivered two trust account checks in the amounts of $1,686 and $2,058 (or a total of $3,744) to his client.   

We find that by holding the garnished funds in his trust account for a period of more than thirteen months before forwarding the funds to his client, respondent failed to act with reasonable diligence on behalf of his client and violated Prof.Cond.R. 1.3.
(footnote: 2)   By failing to keep his client reasonably informed about the status of the garnishment and failing promptly to inform his client of the receipt of the funds, the respondent violated Prof.Cond.R. 1.4(a).
(footnote: 3)  By failing promptly to deliver recovered garnishment funds to his client, the respondent violated Prof.Cond.R. 1.15(b).
(footnote: 4)
 Now that we have found misconduct, we now assess the appropriateness of the agreed sanction, that being a public reprimand.  The parties offer in mitigation the fact that the respondent has no prior disciplinary history before this Court, but indicate nothing specific to explain the respondent’s misconduct.  By silently retaining the garnishment funds in his account, the respondent deprived his client of the relief sought for an extended  period and forced his client to take affirmative steps to learn the status of the matter.   Nonetheless, there is nothing in the record indicating that the respondent retained the funds for his own personal benefit or because of some other sinister motive.  We note also that the parties’ agreed sanction comports with that suggested by the American Bar Association in cases of isolated client neglect. 
See 
ABA
 Standards for Imposing Lawyer Sanctions,
 Standard 4.44 (providing that admonition is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to the client).   The respondent has delivered to his client all funds due and has admitted his misconduct.   Accordingly, we conclude that the agreed discipline is sufficient in this case. 

It is, therefore, ordered that the respondent, Jeffrey K. Baldwin, is hereby reprimanded and admonished for the misconduct set out above.

Costs of this proceeding are assessed against respondent.

FOOTNOTES
1:  
The amounts and dates of those checks were as follow: $196.00 on November 12, 1993; $882.00 on January 6, 1994; $784.00 on March 2, 1994; $882.00 on May 4, 1994; $392.00 on June 10, 1994; and $216.00 on June 22, 1994.

2: 
Professional Conduct Rule 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client.

3: 
Professional Conduct Rule 1.4(a) provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

4: 
Professional Conduct Rule 1.15(b) provides, in relevant part, that a lawyer shall promptly deliver to a client any funds or other property that the client is entitled to receive.
  
The Commission also charged that the respondent violated Prof.Cond.R 1.15(b) by paying to his client, out of his trust account, $392.00 
more
 than the client was entitled to receive.  We decline to find a violation of that provision in this case based solely on the fact that the respondent remitted to his client more than the client was entitled to receive pursuant to the provisions of the judgment.