**In the Matter of William R. NORMAN.**

No. 45S00–9710–DI–562.

Supreme Court of Indiana.

April 12, 1999.

Gilbert King, Jr., Gary, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM

The respondent, William R. Norman, has admitted to violating an agreement to pay his client's doctor out of a settlement from a personal injury lawsuit. In this opinion, we approve an agreement between the respondent and the Indiana Supreme Court Disciplinary Commission which calls for our reprimand of the respondent for that professional misconduct.

The respondent was admitted to the bar of this state in 1974, and, therefore, is subject to the disciplinary authority of this Court. He and the Indiana Supreme Court Disciplinary Commission have tendered a *Statement of Circumstances and Conditional Agreement for Discipline* which asserts the following undisputed facts.

■ In 1993, the respondent was hired to represent a client in a personal injury lawsuit arising from the client's fall in a grocery store in Gary. The client's family physician treated the client for his injuries from that fall. The physician, the respondent and the client signed a "letter of protection." That document required the respondent to withhold from any recovery in the lawsuit sufficient monies to pay any sums owed the physician by the client.

The respondent settled the lawsuit on behalf of his client for $37,500. At the time of the settlement, the client owed his physician $3,026. Instead of paying the doctor from the proceeds as required by the "letter of protection," the respondent paid the $3,026 directly to the client. The client agreed in writing that he would pay the doctor after deducting what the doctor had been paid by the client's medical insurance provider. However, the client died without paying the $3,026 to the physician, although the respondent and the client's widow later made arrangements to pay that bill.

The parties agree that the respondent, through such conduct, violated Ind.Professional Conduct Rule 1.15(b). That rule provides:

Upon receiving funds or other property in which the client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

We agree, and hereby find, that the respondent violated Prof.Cond.R. 1.15(b) by failing to promptly deliver to his client's physician $3,026 from the settlement proceeds in accordance with the written agreement between the respondent, the client and the physician. Having found misconduct, we must determine the appropriate sanction.

■ The respondent's actions reflect poor judgment and inattention to professional standards. At the request of his client, the respondent violated the "letter of protection" by paying directly to his client funds which were owed to the client's physician and which the respondent had agreed to pay directly to the physician. While the record reflects no evidence that the respondent had any selfish motives in taking such action, professional dictates and good sense should have prompted him to refuse the client's request and to adhere to the agreement.

The parties recommend this Court impose a sanction of a public reprimand for this misconduct. We have publicly reprimanded other attorneys who have been disciplined for failing to deliver funds to third parties. *See, e.g., Matter of Baldwin,* 685 N.E.2d 1069 (Ind.1997) (public reprimand where attorney failed to deliver garnishment funds to client for more than 13 months); *Matter of Kinkead,* 661 N.E.2d 823 (Ind.1996) (public reprimand where attorney failed to pay medical creditor with proceeds from settlement).

Accordingly, we approve the conditional agreement and order that the respondent, William R. Norman, be reprimanded and admonished for his misconduct.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of

Appeals for the Seventh Circuit, the Clerk of each of the United States District Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of. the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.