### In the Matter of Michael E. ALLEN, Respondent.

### In the Matter of Patrick W. Young, Respondent.

Nos. 49S00–0111–DI–613, 45S00–0209–DI–502.

Supreme Court of Indiana.

Feb. 9, 2004.

---

Kevin McGoff, Indianapolis, IN, Attorney for Respondent Michael E. Allen.

Samuel J. Goodman, Indianapolis, IN, Attorney for Respondent Patrick W. Young.

Donald R. Lundberg, Executive Secretary, Seth T. Pruden, Staff Attorney, Indianapolis, IN, Attorney for the Indiana Supreme Court Disciplinary Commission.

### Disciplinary Action

PER CURIAM.

Attorneys who, during the course of a representation, receive settlements funds in which a third party has an undisputed legal interest are obligated promptly to deliver those funds to the third party. If entitlement to settlement funds is disputed, an attorney must hold the disputed funds in a separate account until the dispute is resolved.

The Disciplinary Commission has charged respondent attorneys Michael E. Allen and Patrick W. Young with attorney misconduct arising out of factually similar but unrelated incidents involving failure to deliver settlement funds to a third party entitled to receive them or to hold disputed funds separate. The Commission has charged each with violating Ind.Professional Conduct Rule 1.15(b). The respondents have agreed with the Commission upon resolution of the charges. The agreements, which call for the respondents to be publicly reprimanded, are now before us for final resolution. This opinion recounts the facts and circumstances of each case.

Indiana Professional Conduct Rule 1.15(b) provides, in relevant part:

> Except as stated in this rule or otherwise permitted by law or agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

The *Comment* to Prof.Cond.R. 1.15(b) provides:

> Third parties, such as a client's creditors, may have just claims against funds or other property in the lawyer's custody. A lawyer may have a duty under applicable law to protect such third-party claims against wrongful interference by the client, and accordingly may refuse to surrender the property to the client. However, a lawyer should not unilaterally assume to arbitrate a dispute between the client and the third party.

■ Respondent Allen was admitted to this state's bar in 1981. Beginning in 1994, he represented a woman on a claim for injuries she sustained in an automobile accident. During the course of the representation, the woman received $5,212 in chiropractic treatment for her injuries. Allen sent to the chiropractor a "letter of protection," which provided that the doctor would be paid from the proceeds of any personal injury settlement. In 1999, the client's claim settled for $24,259. The client advised Allen that she would pay the chiropractor if the respondent would forward to her sufficient settlement proceeds. Allen did not retain funds to pay the chiropractor, but forwarded $14,135.82 (the settlement proceeds less Allen's fee and amounts due to other medical providers) to the client, believing his client would pay the chiropractor from this amount. The client failed to pay the chiropractor.

The chiropractor who provided services to Allen's client had an undisputed claim to a portion of the settlement proceeds. Neither Allen nor the client disputed the chiropractor's entitlement, and his claim to the funds was memorialized in Allen's agreement (the "letter of protection") with him. Accordingly, Allen violated Prof. Cond.R. 1.15(b) when he failed promptly to deliver to the chiropractor settlement

funds to which the chiropractor was entitled.

Respondent Young was admitted to this state's bar in 1984. Beginning in 1998, he also represented a client on a claim for injuries she suffered in an automobile accident. During the proceedings, the client received $4,786 in services from a chiropractor. Young and the client signed a "Doctor's Lien," which provided, *inter alia*, that the respondent would "withhold such sums from any settlement, judgment, or verdict as may be necessary to adequately protect" the chiropractor. Although $2,021.29 of the chiropractor's bill was paid, a balance of $2,764.71 remained when the client's case settled for $50,000. The client advised Young that she thought the chiropractor had overcharged her for services. She directed Young to pay to the chiropractor only $1,000 from the settlement proceeds. Pursuant to the client's instruction, Young disbursed only $1,000 to the chiropractor despite the outstanding "Doctor's Lien" and the fact that the chiropractor claimed he was still owed $2,764.71 Young then forwarded $1,764 to the client from the settlement proceeds, which represented the claimed unpaid portion of the chiropractor's bill.

■ The Commission and Young stipulate that Young violated Prof.Cond.R. 1.15(b), and we agree. Out of the total settlement of $50,000, entitlement to $2,764.71 (representing the balance of the chiropractor's unpaid claim) was disputed between the client and the chiropractor. Rather than unilaterally resolving the dispute by providing only $1,000 to the chiropractor and forwarding the balance to the client, the respondent was obligated to hold the funds in trust until the dispute was resolved. Professional Conduct Rule 1.15(b) provides that a lawyer shall promptly deliver to a client or third party funds the client or third party is entitled to

receive. Implicit in that obligation is that a lawyer hold disputed funds in trust until the dispute is resolved so that the lawyer can effect accurate disbursement. Moreover, as the *Comment* to Prof.Cond.R. 1.15(b) indicates, a lawyer should not unilaterally settle a dispute between his client and a third party.

■ Having found misconduct, we must now determine whether the agreed sanction in each case, a public reprimand, is appropriate. In each case, the parties agree upon several facts in mitigation, including that neither respondent has been disciplined before and that each was cooperative during the disciplinary process. In Young's case, the dispute has been resolved and the chiropractor paid in full. In Allen's case, we note that he paid the third party funds to the client upon the client's representation that she would deliver the funds to the third party, and not out of any intent or design to deprive the third party of funds.

Where an attorney failed to provide to a third party medical provider funds obligated to the medical provider pursuant to an agreement between the attorney, the client, and the medical provider, this Court imposed a public reprimand. *Matter of Norman*, 708 N.E.2d 867 (Ind.1999). Similarly, public reprimands were imposed where an attorney failed to deliver settlement funds to a third party whose interest was protected by a "doctor's lien" executed by the respondent and where an attorney failed to deliver settlement funds to a medical creditor despite the attorney's provision of a letter of protection memorializing the legal interest of the medical creditor in settlement proceeds. *Matter of Kirby*, 766 N.E.2d 351 (Ind.2002); *Matter of Alvarez*, 755 N.E.2d 162 (Ind.2001). In each of those cases, the attorney provided the funds to the client for delivery to the third party instead of providing the funds direct-

ly to the third party. In light of this precedent, we find a public reprimand is also appropriate for respondent Allen's failure to deliver directly to his client's chiropractor funds the chiropractor was entitled to receive.

 Respondent Young has agreed with the Commission that his failure to segregate funds which were the object of a dispute between his client and a third party warrants a public reprimand. We ascribe some measure of added culpability to respondent Young's actions because he unilaterally decided the dispute between his client and the third party by forwarding to the third party only those sums directed to be paid by the client, despite the fact that the respondent executed a "Doctor's Lien" to withhold amounts necessary to protect the chiropractor's interest. However, since it is this Court's policy to favor agreed resolutions of attorney disciplinary charges, we accept the tendered agreement calling for a public reprimand.

It is, therefore, ordered that the respondents, Michael E. Allen and Patrick W. Young, are hereby reprimanded and admonished for their misconduct.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d), to the hearing officer, and to the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state.

Costs of this proceeding are assessed against the respondents.