In the Matter of Derek M. CASSADY, Respondent.

No. 49S00–0405–DI–211.

Supreme Court of Indiana.

Aug. 30, 2004.

Derek M. Cassady, pro se.

Donald R. Lundberg, Executive Secretary, Dennis K. McKinney, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

By failing to hold settlement proceeds in trust for a third-party medical provider entitled to a portion of the proceeds, and instead by disbursing those earmarked funds to himself and his client, Indianapolis attorney Derek M. Cassady violated the *Rules of Professional Conduct.*

By agreed resolution with the Disciplinary Commission, the respondent today asks us to approve a 30–day suspension for his attorney misconduct, with the entire period of suspension stayed so long as the respondent complies with certain probationary terms. Pursuant to Ind.Admission and Discipline Rule 23(11)(c), we approve the parties' tendered resolution, and herein recount the facts and circumstances of this case.

The respondent's admission to the Bar of this state in 1994 confers disciplinary jurisdiction of this matter.

The parties stipulate that the respondent settled a personal injury claim on behalf of a client for $15,000 and placed the proceeds in his attorney trust account. The respondent had signed an agreement with a third party medical provider to the client that the respondent would withhold funds from any settlement to pay the provider's bill. That provider eventually amassed charges totaling $3,809.30 with regard to the client's injuries. Due to the relatively small settlement amount, the respondent and the provider agreed that the provider would accept a reduced fee; however, they could not agree on the specific amount of the reduced fee. The provider claimed it was owed $2,250 pursuant to the agreed reduction; the respondent claimed they had agreed to settle the provider's claim for $1,000. The respondent ultimately forwarded to the provider a check for $1,000, with the memo proclaiming, "payment in full." The provider returned the check uncashed to the respondent and demanded the $2,250.

Rather than attempt further negotiation to settle the dispute as to the amount of the proceeds to which the third party was entitled, the respondent simply divided the $1,000 he had earmarked for the third party between himself and his client, paying his client $730 and keeping $270. Further, from his attorney trust account, the respondent withdrew $10,000 in cash to pay the client her share of the settlement proceeds, and took his own fee in cash without using a check made payable to a named payee. The respondent then advised the provider that he was no longer holding any funds from the settlement.

While responding to the Commission's demand for response to the provider's subsequent grievance, the respondent admitted that his lawyer trust account ledger was "sloppy, incomplete, and often nearly illegible."[1] The respondent also admitted that he failed to comply with Admis.Disc.R. 23(29)(a)(2) and (3), which establish procedures for maintenance of records of attorney trust accounts and ledgers for such accounts.[2]

Indiana Professional Conduct Rule 1.15(b) provides, in relevant part, that a lawyer shall promptly deliver to a client or

---

1. In his response to the Commission, the respondent also stated:

"There are scratch-outs [in my attorney trust account ledger], I have written counter-checks and not properly reflected them, there are mathematical errors and parties are not identified with the specificity needed. The ledger does not add back the check [the provider] never accepted. I have no excuse or defense, and looking back through it, I am at once ashamed of it. There is no way I could go back and amend it to bring it into compliance; it is too late."

2. Specifically, Admis.Disc.R. 23(29)(a)(2) and (3) provide:

(2) Every attorney shall maintain and preserve for a period of at least five (5) years, after final disposition of the underlying matter, the records of trust accounts, including checkbooks, canceled checks, check stubs, written withdrawal authorizations, vouchers, ledgers, journals, closing statements, accounting or other statements of disbursements rendered to clients or other parties with regard to trust funds or similar equivalent records clearly and expressly reflecting the date, amount, source, and explanation for all receipts, withdrawals, deliveries and disbursements of the funds or other property held in trust.

(3) The "ledger" required by this rule shall set forth a separate record of each trust, client or beneficiary, the source of all funds deposited in that account, the names of all persons for whom the funds are, or were, held, the amount of such funds, the description and amounts of charges or withdrawals, and the names of all persons to whom such funds were disbursed.

third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property. Implicit in that obligation is that a lawyer hold disputed funds in trust until the dispute is resolved so that the lawyer can effect accurate disbursement. *Matter of Allen and Young*, 802 N.E.2d 922 (Ind. 2004). We find that the respondent violated Ind.Professional Conduct Rule 1.15(b) by failing to hold in trust a portion of the settlement proceeds to pay the outstanding bill of the third-party provider, and instead by disbursing those disputed funds to himself and his client. He also failed to comply with the requirements of Admis.Disc.R. 23(29)(a)(2) and (3) as already described above, and Admis.Disc.R. 23(29)(a)(5) by making a cash withdrawal from his attorney trust account rather than a withdrawal by check to a named payee.[3]

The parties agree to a stayed 30–day period of suspension, with a one-year period of probation (subject to terms) underlying the stay. The probationary terms are geared toward ensuring that the respondent learns to manage an attorney trust account, that he pays the provider its claim of $2,250, and that a CPA oversees his trust account. The agreed sanction calls for automatic reinstatement should the respondent successfully comply with the terms of his probation. In light of the respondent's obvious (and self-professed) shortcomings with regard to recognition of and adherence to required attorney trust account procedures, we find that the probationary terms are a sufficient method of protecting the public and the profession from future similar transgressions by the respondent.

Accordingly, the respondent, Derek M. Cassady, is hereby suspended from the practice of law in this state for a period of not fewer than thirty (30) days, effective immediately, with the entire thirty days of said suspension to be stayed, and the respondent placed on probation for one year, subject to the following terms and conditions of probation:

- The respondent will pay the medical provider the $2,250 it agreed to accept as a reduction of his client's medical expenses.

- The respondent will attend an ethics seminar with a trust account management section of at least one hour in length.

- The respondent will have his trust account monitored by a CPA who will then report quarterly to the Commission on the respondent's compliance with the Rules of Professional Conduct and the Admission and Discipline Rules for lawyer trust accounts.

- The respondent will comply in all respects with his obligations, duties and responsibilities under the Indiana Rules of Professional Conduct.

- The respondent will report to the Disciplinary Commission any changes in his business or home address or employment within fourteen (14) days of such change.

---

**3.** Admission and Discipline Rule 23(29)(a)(5) provides:

Withdrawals shall be based upon a written withdrawal authorization stating the amount of the withdrawal, the purpose of the withdrawal, and the payee. The authorization shall contain the signed approval of an attorney. Withdrawals shall be made only by check payable to a named payee and not to "cash", or by wire transfer. Wire transfers shall be authorized by written withdrawal authorization and evidence by a document from the financial institution indicating the date of the transfer, the payee and the amount.

· The respondent will be responsible for any other costs arising from his probation.

· In the event it is established pursuant to Ind.Admission and Discipline Rule 23(17.2) that the respondent has violated the terms of his probation, then the stay of his thirty-day suspension will be vacated and the respondent will be suspended from the practice of law in Indiana for thirty days, with automatic reinstatement to the practice of law thereafter.

· The respondent will immediately report to the Disciplinary Commission any failure by him to comply with the terms of his probation. Such report is to be made in writing within fourteen days of the compliance failure and must specifically identify the type and circumstance of his failure to comply with the terms of his probation.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d), to the hearing officer, and to the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state.

Costs of this proceeding are assessed against the respondent.