

**FILED**

Aug 28 2018, 8:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Douglas C. Holland
Lawrenceburg, Indiana

ATTORNEY FOR APPELLEE

Michelle A. Cobourn-Baurley
Shelbyville, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Douglas C. Holland, <br> *Appellant-Defendant,* <br><br> v. <br><br> Indiana Farm Bureau Insurance, <br> *Appellee-Plaintiff* | August 28, 2018 <br><br> Court of Appeals Case No. <br> 18A-PL-792 <br><br> Appeal from the Dearborn <br> Superior Court <br><br> The Honorable Jonathan N. <br> Cleary, Judge <br><br> Trial Court Cause No. <br> 15D01-1709-PL-43 |

**Baker, Judge.**

[1] Indiana Farm Bureau Insurance (Farm Bureau) sued attorney Douglas Holland to recover money owed to it from a subrogation claim that arose from Holland's representation of a woman (Client) who was injured in a vehicle collision. Farm Bureau and Holland filed competing motions for summary judgment on Farm Bureau's ability to recover its money from Holland, rather than Client. The trial court found in favor of Farm Bureau, and Holland now appeals. Finding that the statute of limitations expired before Farm Bureau filed its complaint, we reverse and remand.

# Facts[1]

[2] On September 19, 2012, Client was injured in a vehicle collision, after which Client retained Holland as her attorney in her personal injury lawsuit against the tortfeasor. On November 20, 2012, Farm Bureau, which insured Client, paid $5,000 toward Client's medical bills. In December 2014, the personal injury lawsuit settled in Client's favor and on December 22, 2014, Holland filed a motion to dismiss it, which the trial court granted. Holland requested Client to allow him to retain $3,500 of her settlement to cover any subrogation claims that Farm Bureau might have for one year beginning on December 22, 2014.

[3] Meanwhile, on August 28, 2014, Farm Bureau submitted a notice of its lien rights to Holland. On September 4, 2014, Holland acknowledged the lien in

---

[1] We heard oral argument in Indianapolis on August 7, 2018. We thank counsel for their informative oral advocacy.

writing. On October 31, 2014, Holland called Farm Bureau's counsel's office and requested that Farm Bureau waive its subrogation claim. Holland and Farm Bureau then unsuccessfully tried to negotiate the subrogation amount. On June 9, 2015, Farm Bureau asked that Holland request a damages hearing so that the trial court presiding over Client's lawsuit against the tortfeasor could determine the amount of the subrogation claim. Holland stated that the lawsuit had been dismissed and that Farm Bureau would have to file a small claim to determine what amount, if any, Client owed it. This exchange was apparently the last one between the parties for the remainder of 2015. On December 29, 2015, Client asked Holland to return to her the balance of the settlement; Holland complied.

[4] Then, on July 13, 2017, Farm Bureau made a formal demand for payment of its subrogation claim. On September 14, 2017, Farm Bureau filed a complaint against Holland for its subrogation claim for $3,333, alleging that Holland breached the fiduciary duty he owed to Farm Bureau and that he breached the constructive trust imposed on the money at issue. On September 27, 2017, Holland filed his answer, alleging that he had no legal authority to pay Farm Bureau without Client's consent. That same day, he filed a motion for summary judgment, arguing that the statute of limitations had run and that he had no legal requirement to withhold subrogation funds from Client's settlement.

[5] On October 27, 2017, Farm Bureau filed its own motion for summary judgment, arguing that it had a medical payments lien, that Holland had a

fiduciary duty to Farm Bureau, that a constructive trust was created when Holland received funds in which Farm Bureau had an interest, and that the applicable statute of limitations is six years and had not yet run.

[6] On January 18, 2018, a hearing on the motions for summary judgment took place. Following the hearing, the trial court granted Farm Bureau's motion for summary judgment and motion to strike, ordering Holland to pay Farm Bureau $3,333, and denied Holland's motion for summary judgment. The trial court did not issue findings of fact or conclusions of law. On February 13, 2018, Holland filed a motion to correct error, arguing that the trial court erred by granting Farm Bureau's motion for summary judgment. That same day, he filed two more motions for summary judgment: one arguing that there is no subject matter jurisdiction in this case because Farm Bureau's claim is a contractual one and Farm Bureau has not presented any legal theory of liability against Holland; and one arguing that as an agent, he was not liable to Farm Bureau. The trial court denied all three post-judgment motions. Holland now appeals.

# Discussion and Decision

[7] Holland raises three issues on appeal, one of which we find dispositive: whether the trial court erred by granting Farm Bureau's motion for summary judgment and by denying Holland's motion for summary judgment.[2]

[8] Our standard of review on summary judgment is well established:

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

[9] The law regarding subrogation is also well settled:

---

[2] At the trial court level, Farm Bureau moved to strike a certain paragraph from an affidavit that Holland submitted; the trial court granted that motion. On appeal, Holland argues that the trial court erred by granting this motion. Because of the disposition of this case, we find it unnecessary to address this issue.

Then, during the appeal, Farm Bureau moved to strike a section of Holland's brief, arguing that because Holland had not raised a particular issue to the trial court, he could not raise it on appeal. Because of the disposition of this case, we find that the issue raised in this motion to strike has become moot. Therefore, by separate order, we deny the motion to strike as moot.

> Subrogation is a doctrine of equity long recognized in Indiana. It applies whenever a party, not acting as a volunteer, pays the debt of another that, in good conscience, should have been paid by the one primarily liable. When a claim based on subrogation is recognized, "a court substitutes another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the right of the creditor in relation to the debt." *Matter of Estate of Devine*, 628 N.E.2d 1227, 1230 n.4 (Ind. Ct. App. 1994). It is settled that "[s]ubrogation confers no greater right than the subrogor had at the time the surety or indemnitor became subrogated. The subrogator [sic] insurer stands in the same position as the subrogor, for one cannot acquire by subrogation what another, whose rights he claims, did not have." *American States Ins. Co. v. Williams*, 151 Ind. App. 99, 106, 278 N.E.2d 295, 300 (1972) (internal quotation marks and citation omitted). The ultimate purpose of the doctrine, as with other equitable principles such as contribution, is to prevent unjust enrichment.

*Erie Ins. Co. v. George*, 681 N.E.2d 183, 186 (Ind. 1997) (some citations omitted).

[10] Indiana Code chapter 34-53-1 governs subrogation, but does not address subrogation claims on funds that are or were held by an attorney on behalf of the attorney's client. Another statute, however, suggests that a subrogation claim should be considered a lien. A lien is a claim that one person holds on another's property as a security for an indebtedness or charge. *Beam v. Wausau Ins. Co.*, 765 N.E.2d 524, 532 (Ind. 2002). Indiana Code section 34-51-2-19 provides

> If a *subrogation claim or other lien* or claim that arose out of the payment of medical expenses or other benefits exists in respect to a claim for personal injuries or death and the claimant's recovery is diminished:

> (1) by comparative fault; or
>
> (2) by reason of the uncollectibility of the full value of the claim for personal injuries or death resulting from limited liability insurance or from any other cause;
>
> the lien or claim shall be diminished in the same proportion as the claimant's recovery is diminished. The party holding the lien or claim shall bear a pro rata share of the claimant's attorney's fees and litigation expenses.

(Emphasis added.)

[11]    Indiana Rule of Professional Conduct 1.15 provides that

> (d) Upon receiving funds or other property in which the client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.
>
> (e) When in the course of representation a lawyer is in possession of property in which two or more persons (one of whom may be the lawyer) claim interests, the property shall be kept separate by the lawyer until the dispute is resolved. The lawyer shall promptly distribute all portions of the property as to which the interests are not in dispute.

Comment 4 to the Rule provides that

Paragraph (e) also recognizes that third parties may have lawful claims against specific funds or other property in a lawyer's custody, such as a client's creditor who has a lien on funds recovered in a personal injury action. *A lawyer may have a duty under applicable law to protect such third-party claims against wrongful interference by the client. In such cases, when the third-party claim is not frivolous under applicable law, the lawyer must refuse to surrender the property to the client until the claims are resolved.* A lawyer should not unilaterally assume to arbitrate a dispute between the client and the third party, but, when there are substantial grounds for dispute as to the person entitled to the funds, the lawyer may file an action to have a court resolve the dispute.

(Emphasis added.)

[12] The facts of this case are not in dispute. Both parties agree that a subrogation claim needed to be paid to Farm Bureau, that they reached an impasse on June 9, 2015, regarding the amount of the claim that should be paid, and that following this date, neither party acted to resolve the issue until Farm Bureau filed its complaint against Holland on September 14, 2017. Yet the statute and the Rules of Professional Conduct indicate a professional duty for Holland to have retained the funds at issue until the claim was resolved because Farm Bureau had a lien on the funds. Indeed, our Supreme Court has stated that

[a]ttorneys who, during the course of a representation, receive settlements funds in which a third party has an undisputed legal interest are obligated promptly to deliver those funds to the third party. If entitlement to settlement funds is disputed, an attorney must hold the disputed funds in a separate account until the dispute is resolved.

*In re Allen*, 802 N.E.2d 922, 924 (Ind. 2004). In that case, our Supreme Court found that an attorney violated Rule 1.15 when he did not retain settlement funds to pay a chiropractor who had treated the attorney's client when the chiropractor had an undisputed claim to a portion of the settlement proceeds that was memorialized in an agreement with the attorney. *Id.* at 924-25. Our Supreme Court then found that another attorney violated Rule 1.15 when, at the attorney's client's instruction, the attorney paid a chiropractor less than the amount owed because the client thought she had been overcharged. The attorney sent the client the rest of the settlement proceeds. The Court held that the attorney was obligated to hold the funds in trust until the parties resolved the amount that the chiropractor was owed. *Id.* at 925.

[13] During oral argument, Holland explained that, in December 2015, when he had not heard from Farm Bureau for more than six months, he thought Farm Bureau had decided to waive its subrogation claim. Considering that, after negotiating the subrogation claim for months, Farm Bureau inexplicably ceased communication about the issue for more than two years, we understand Holland's assumption.

[14] Nonetheless, we are reminded of the old adage that what is good for the goose is good for the gander. If, for example, an attorney represents a client against an insurance company, the attorney is likely to file an attorney's lien with the insurance company and to expect the insurance company to comply with the lien. In this scenario, if the insurance company gives any proceeds directly to the client instead of the attorney in violation of the attorney's lien, then the

attorney is likely to sue the insurance company. Likewise, if the insurance company files a medical lien with an attorney, and the attorney gives money to his client (who is the insured) that should be retained for the lien, then the insurance company can sue the attorney. Thus, we find that Holland had a duty to retain the funds until the parties resolved their dispute over the amount of the subrogation claim. That duty, however, is not interminable—the attorney need not hold the money forever.

[15] The outcome of this case, then, turns on determining the appropriate statute of limitations for Farm Bureau's attempt to collect its money. In other words, we must decide whether Farm Bureau waited too long. Holland argues that the appropriate statute of limitations is the two-year limit for tort claims.[3] He offers two starting points for the time limit: November 20, 2012, which is when Farm Bureau issued medical payments, or June 9, 2015, which is when the parties reached their impasse and communication ceased between them. Farm Bureau counters that a six-year statute of limitations is appropriate, reasoning that a constructive trust was formed when Holland retained Client's money and that constructive trusts are subject to the six-year statute of limitations for fraud.[4] Farm Bureau contends that the statute of limitations should begin on June 9,

---

[3] Ind. Code § 34-11-2-4(a).

[4] I.C. § 34-11-2-7(4).

2015, which was when it first became aware of Holland's refusal to repay the lien, and runs through June 9, 2021.

[16] We agree with Holland that a two-year statute of limitations is appropriate because breach of fiduciary duty is a tort claim for injury to personal property, and an action for injury to personal property must be commenced within two years after the cause of action accrues. I.C. § 34-11-2-4(a). Moreover, we are unpersuaded that a six-year statute of limitations should apply to this case. Although Farm Bureau argues this time period is appropriate because a constructive trust was imposed, a constructive trust can be imposed only through fraud. *Kalwitz v. Estate of Kalwitz*, 822 N.E.2d 274, 280 (Ind. Ct. App. 2005). For fraud to exist, there must be a material misrepresentation of past or existing fact. *Kesling v. Hubler Nissan, Inc.*, 997 N.E.2d 327, 335 (Ind. 2013). In its briefs and during oral argument, Farm Bureau was simply unable to identify any material misrepresentation made by Holland.

[17] We therefore apply a two-year statute of limitations. A cause of action in a tort claim accrues and the statute of limitations begins to run when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another. *First Farmers Bank & Tr. Co. v. Whorley*, 891 N.E.2d 604, 610 (Ind. Ct. App. 2008). Farm Bureau acknowledges that it first became aware of Holland's refusal to repay the lien on June 9, 2015. Accordingly, we find that the statute of limitations began to run on June 9, 2015, and expired on June 9, 2017. Farm Bureau filed its complaint against Holland on September 14, 2017—more than three months

too late. The trial court erred by granting summary judgment for Farm Bureau and by denying Holland's motion for summary judgment when Farm Bureau's claim was time-barred.

[18] The judgment of the trial court is reversed and remanded with instructions to enter judgment in favor of Holland.

Vaidik, C.J., and Brown, J., concur.